## H. HILLMANN AND ANOTHER V. CHRISTINE MEYER AND OTHERS.

In an action of trespass to try title, the defendants claimed the land under a deed executed on the twenty-seventh of November, 1865, while the plaintiffs claimed it under a sheriff's sale by virtue of a judgment which was recorded in the county on the same twenty-seventh of November, at four o'clock in the afternoon; and the relative merits of the titles depended on the question of fact, whether the registration of the judgment or the execution of the deed was prior in point of time. *Held*, that as the plaintiffs in this form of action can only recover on the strength of their own title, the burden of proof rested upon them to show that the judgment was recorded before the deed was executed; and in the absence of evidence on that question, there is no presumption that the judgment lien attached previous to the execution of the deed.

ERROR from Fayette.    Tried below before the Hon.
I. B. McFarland.

The opinion states the only material facts.

*Jarmon & Cross*, for the plaintiffs in error.

*Timmons & Brown*, for the defendants in error.

OGDEN, J.—In this cause the plaintiff in error brought
an action of trespass to try title in the district court,
against the defendants in error, to the November Term,
1870, and claimed to be the owners of. one hundred
acres of land by virtue of a sheriff's sale and deed,
made on the first day of September, 1868, under an exe-
cution which issued upon a judgment rendered in the
Fayette county district court, against C. Clark *et al.,*
and in favor of Ludwig Hillmann, on the twenty-sec-
ond day of November, 1865, and which was duly re-
corded in the county clerk's office on the twenty-seventh
day of November, 1865, at 4 o'clock P. M.   The de-
fendants in error claim the same land by virtue of a
deed from Mrs. C. Clark to Frederick Meyer, dated on
the twenty-seventh day of November, 1865.   Both plain-
tiffs and defendants, therefore, claim title from the same
vendor, or original owner, and claim that their rights
attached on the same day, one by virtue of a judgment
lien, and the other by virtue of a deed; and the main
question for determination in the court below, and
which determination is sought to be reversed in this
court, was, did the judgment lien, or the title by deed,
attach to the land on the twenty-seventh day of No-
vember, 1865?   If the judgment of Hillmann was re-
corded before the deed to Meyer was executed, then the
lien attached, and the deed to Meyer conveyed no title;
but if the deed to Meyer was executed before the judg-
ment against Mrs. Clark was recorded, then she had

parted with all her interest in the land, and no lien could or did attach. This was a simple question of fact, to be determined by the jury, under proper instructions from the court.

If, therefore, the charge of the court embraced the law which should have governed the case, and was not calculated to mislead the jury into finding the verdict they did, that verdict must be affirmed as the proper determination of the facts of the case, unless the same is manifestly wrong. We have carefully examined the charges given by the court, and the numerous charges asked by counsel for plaintiffs and defendants, and have been unable to discover any errors in the charges given, of which the plaintiffs have a right to complain. We are not prepared to say that there were not errors in the charges given, which, had the verdict been in favor of the plaintiffs, would have required a reversal of the judgment; but as a correction of those errors could not possibly change the judgment rendered, and as the defendants in error make no complaint of the same, we do not feel called upon to take further notice of those errors here.

We think the court did not err in refusing to give the charges which were asked by plaintiffs, and refused, and indeed the rulings of the court throughout the whole trial were as favorable for the plaintiffs below as the law and the facts of the case would warrant. That portion of the charge relating to the homestead of Mrs. Clark was wholly irrelevant to the facts presented in the record, and does not appear to have been regarded by the jury. Counsel for plaintiffs in error contend that, as the judgment which was the foundation of their title was recorded on the same day that the deed from Mrs. Clark to Meyer was executed, the presumption of law is, the record of the judgment in point of

time was in fact prior to the execution of the deed to Meyer, and that the burden of proof to establish the contrary was upon the defendants. But we are of the opinion that the rule and presumptions of law are directly the reverse of those claimed by the plaintiffs in error. The general rule, as recognized by the repeated decisions of this court, is that the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of the defendant's title (Hughes v. Lane, 6 Texas, 289; Simpson v. McLemore, 8 Texas, 448; Kinney v. Vinson, 32 Texas, 126); and in the last case cited the court says, "the party who seeks to oust the tenant in possession must exhibit full and satisfactory proof that he holds the better and superior title."

In the case at bar the proof shows that the defendants were in possession of the land sued for, and therefore, before they could legally recover, the plaintiffs were bound to prove to the satisfaction of the jury every fact necessary to constitute a complete title in themselves. They failed to prove that their judgment was recorded before the execution of the deed to Meyer, and consequently failed to show that, at the time of the execution of the conveyance to defendants' ancestor, there was any lien upon the land; and if there was no lien or other encumbrance upon the land, then Meyer received a good title, and any subsequent sale by the sheriff upon a judgment against Mrs. Clark conveyed no title or interest in the land. Upon a careful consideration of all the facts presented by the record in this case, we are of the opinion that the verdict and judgment were fully authorized, both by the law and the facts. The judgment is therefore affirmed.

AFFIRMED.