## T. M. SOAPE v. HARMON DOSS.

Decided April 20, 1898.

**1. Boundaries—Deed—Calls.**

The boundaries of land sold as actually surveyed and fixed by call for an identified bearing tree will prevail over a sale to or call for a boundary line of the original grant which the parties erroneously supposed was the same designated by their survey and bearing tree.

**2. Same.**

A call in a deed for the line of an original grant will not be so conclusive as to the land included as to enable the court to determine the boundary as matter of law, where there is evidence tending to show that its location was misunderstood by the parties and a different location of the line regarded by them as the boundary of the land conveyed.

**3. Limitation—Adverse Possession.**

Cutting timber on land in controversy is not such possession as will support a plea of limitation.

**4. Same—Construction—Possession of Part.**

Possession of part of a strip of land in controversy will not extend by construction to the whole where it is not shown to have been embraced in the limits of the possessor's deed or in fact claimed by him.

APPEAL from Bell.   Tried below before Hon. JOHN M. FURMAN.

The following map and explanatory memoranda, from the record, show the lines and tracts of land referred to in the opinion of the court:

A, B, C, D, E, F, W. L. Norvelle one-third league survey; A, B, G, H, Neibling or Williams' 492 acres; L, E, F, G, H, I, K, Wilson Bates' purchase; K, J, I, C, M, James Morris' purchase; D, L, M, Alfred Polk's purchase; N, O, P, land deeded by Soape to Doss and fenced by Doss in 1869 (less corner cut off by Belton and Sparta public road at O; O, Q, C, P, land in controversy; zigzag line represents Doss' field as fenced in 1869; tree represents the Spanish oak bearing tree called for in deed from Soape to Doss; dotted line from P to O represents the M. Tongate south line in conflict with the Norvelle survey; S, R, C, V, T, land conveyed by McCormick to Soape.

*Geo. W. Tyler,* for appellant.

*Harris & Saunders,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This is a statutory action of trespass to try title, brought by the appellant, T. M. Soape, against the appellee, Harmon Doss, for a part of the William L. Norvelle one-third of a league, in Bell County, on North Nolan Creek, described in the petition as follows: Beginning at a point about 50 yards east of the Belton and Sparta public road in the south line of the Tongate survey (in conflict with the Norvelle survey), at a stake set for the N. E. corner of H. Doss's triangular tract, from which a Spanish oak bears N. 52 W. 8½ vrs.; thence N. 67 E. to intersection with the north line of said Norvelle survey; thence N. 71 W. with north line of the Norvelle to northwest corner of the Norvelle, is the east line of the Wiley Jones league; thence S. 19 W. with the east line of the Wiley Jones league to the southwest corner of the M. Tongate survey (in conflict with the Norvelle), being also the northwest corner of the said H. Doss triangular tract, and being also the northwest corner of said Doss's field, as now fenced; thence S. 71 E. with north line of said Doss's triangular tract, and with his north field fence to the beginning.

Defendant Doss answered by plea of not guilty, and pleas of statute of limitations of three, five, and ten years.

Plaintiff, by trial amendment filed July 12, 1897, shows that defendant will rely upon a claim of title derived from one Calvin McCormick, which is not sufficient to entitle him to a recovery of the land. He also pleads title by possession under the statute of limitations of three, five, and ten years; that defendant's claim of title under Calvin McCormick is a stale demand, and that ten years elapsed after the accrual of the same before defendant forcibly entered the premises during which time, between the accrual of defendant's claim and his forcible entry upon the land, plaintiff, claiming to have the title, had and held peaceable adverse possession of the land.

The trial resulted in a verdict and judgment for the defendant Doss, and the plaintiff Soape has appealed.

The evidence shows that Doss had verbally contracted with one Cal-

vin McCormick, then claiming the land, to purchase the northwest corner of the Norvelle survey for $100, and paid McCormick $75 of the purchase price, and agreed to pay the balance in the future, when McCormick was to make him a deed. Afterwards McCormick sold Soape a larger survey, including the land previously sold to Doss, Soape agreeing to take McCormick's place and convey to Doss, when he paid the $25 balance due. Doss paid the balance, and Soape and wife made him a deed, describing the land by metes and bounds as follows: "Beginning on the west boundary line of what is known as the Booth survey, 510 vrs. S. 19 W. from the northwest corner of said survey, a stake, for the southwest corner of this survey; thence N. 67 E. to the north line of said Booth survey a stake for the northeast corner of this survey, from which a Spanish oak bears N. 52 W. 8½ vrs.; thence N. 71 W. to the northwest corner of said survey, thence S. 19 W. to the beginning." This deed was of date February 18, 1869, was properly acknowledged February 19, 1869, and duly recorded by the clerk of the District Court of Bell County, where the land was situated, November 1, 1870. The Norvelle one-third of a league was known as the Booth survey. Before Soape made the deed to Doss, the parties went on the ground and McCormick designated the point at which the Doss survey would begin, and to what point it would extend towards the north. This point was understood at the time to be the north line of the Norvelle or Booth survey; in fact it was about 200 varas south of the line on the south line of the Tongate survey, which conflicted with the Norvelle, the conflict not being known at the time. The field notes of the deed made by Soape to Doss corresponded with the line designated by McCormick, and the Spanish oak called for, locating the corner, was actually on the ground and was a bearing tree. The land was actually surveyed, as described in the deed, the lines run and marked, and the Spanish oak made a bearing tree. The survey so made stopped about 200 varas short of the north line of the Norvelle survey and its northwest corner, but it contained about twenty-four acres, the quantity of land it was supposed to contain. To extend the lines to the true northwest corner of the Norvelle and its north line, the survey would contain about double that quantity.

Defendant Doss fenced part of the land and placed his fence on what he believed was his north line, the line designated by McCormick, and run from the Spanish oak bearing at his northeast corner, and has been in possession of it ever since his deed was made and a short time before, after his trade with McCormick, and before the latter conveyed the land to Soape, and he has not been in possession of any part of the land in dispute except a small improvement placed upon it by him a month or so before this suit was brought.

We have no hesitation in deciding that Doss can not hold any land north of the line located by the Spanish oak bearing tree, neither by deed nor limitation. His deed and the designation of his land by McCormick limit his survey to that line and he can not extend it farther north. True, he testifies, as do others, that he bought from McCormick

the northwest corner of the Norvelle; but the facts show that the parties were mistaken as to where its northwest corner and its north line were, they believing it was where the Doss line was run and placed, and the facts also show that the particular survey conveyed by his deed, identified by its north line and northeast corner, is all the land intended to be conveyed or that was conveyed to him, either by McCormick or Soape. The call in his deed for the north line of the Norvelle is controlled by the survey actually made. The parties thought the line was the north line of the Norvelle; in this they were mistaken. They made the actual survey more to the south, where Soape's deed to Doss places it.

From the foregoing it is clear that we should reverse and render in favor of Soape, if he, being the plaintiff, has shown title such as would be upheld against a mere trespasser. He would have title by limitation of the five and ten years statute under his deed from McCormick, dated January 16, 1869, duly acknowledged and recorded February 10, 1869, and paying the taxes thereon, if that deed convey to him the land in suit. The land in suit is contiguous to the land conveyed by McCormick to Soape, if it in fact extended to the north line of the Norvelle. In that case the land of Soape would run around from the south and east and then north of the Doss survey; that is, the Doss survey would not sever the Soape land into two distinct tracts.

It is not, however, clear to us that McCormick conveyed to Soape land extending to the north line of the Norvelle, so as to include the land in dispute. McCormick's designation of the line to show where Doss' survey would extend bears upon Soape's north line, as well as that of Doss. At least we can not say the record is conclusive that such designation does not relate to the Soape line as conveyed by McCormick. This, in connection with the fact that the Tongate south line was understood to be the north line of the Norvelle, leaves the matter in doubt in the absence of a finding of the jury upon the question. There is other testimony, also, which makes it so uncertain that we would not be justified in rendering judgment for Soape on his pleas of limitation and of title.

Soape's prior possession, as title against Doss, a mere trespasser, can not avail him, because he is not shown to be in possession of the very land sued for. His small possession to the north of the Doss line is not on the land sued for, but east of it. His cutting timber on the land in suit is not possession of such a character as will support the plea of limitation.

There was no common source of title to the land sued for. Doss acquired no title to the land in dispute from either Soape or McCormick, and we can not be certain from the testimony that Soape's deed from McCormick includes the land in suit. If Soape's deed from McCormick does include the land sued for, then his title by possession would entitle him to a recovery under his pleas of five and ten years possession, if he were in fact claiming such land under that deed. This would make his title good. The court's charge that plaintiff must recover on the strength of his own title and not on the weakness of the title of defendant, was

correct. If defendant had no title, and plaintiff had none, the latter could not recover the land in dispute.

We have said nothing about the intermediate deeds from Booth's estate down to McCormick. The error may appear from the facts as to the actual land conveyed by those deeds, as does appear in the conveyance by Soape to Doss. It may be that the only land conveyed stopped at the south line of the Tongate. If this be shown to be true in the deeds in the chain of plaintiff's title to the land in suit, such deeds would not confer title upon him, even if he deraigned title from the sovereignty of the soil.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*