## BERING MANUFACTURING COMPANY V. HENRY FEMELAT.

Decided February 29, 1904.

**1.—Charge—Referring Jury to Pleading.**

Failure of the trial court to inform the jury what were the issues of fact presented by the pleading may not, ordinarily, require a reversal of the judgment; but where the pleading is so complicated and technical as to render it doubtful whether the jury would clearly understand the issues presented, such failure to so inform the jury is reversible error.

**2.—Same—Personal Injury—Negligence—Weight of Evidence.**

A charge that "If you believe from the evidence that the plaintiff was injured at the time and in the manner substantially as charged and alleged in plaintiff's petition, you will find for the plaintiff," is held erroneous as on the weight of evidence, it not being established as a matter of law that the facts alleged in plaintiff's petition as to the manner in which plaintiff was injured constituted negligence on the part of defendant.

**3.—Negligence Per Se—Pleading.**

Only acts which are contrary to statute, or are so opposed to the dictates of prudence that reasonable minds can reach no other conclusion than that no person of ordinary care would commit them, are deemed in law negligence per se. See pleading setting up the circumstances attending the injury of a minor employed in a wood-working shop by getting his hand caught in a circular saw, held to present a case where negligence was a question of fact and it was not the law that he could recover if injured as stated.

**4.—Pleading—Minor—Cost of Medical Attention.**

In the absence of allegation and proof of facts which would render plaintiff, a minor, liable for the cost of medical attention furnished him, his parents being primarily responsible for such cost, he can not recover such expenses.

**5.—Master and Servant—Minor—Neglignce—Charge.**

It was error to charge the jury to find for plaintiff if they believed from the evidence that plaintiff was young and inexperienced in working around moving machinery, and defendant, knowing his youth and inexperience, sent him into a place of danger without warning him of such danger, without requiring the jury to find that such acts constituted negligence on defendant's part and that appellee was not guilty of contributory negligence in obeying such orders.

**6.—Fellow Servant—Vice-Principal.**

A charge making the master responsible for injury to his servant "by the wrongful act of a fellow servant whom the employer had placed over and given superintendence of the work of the servant who was injured," was erroneous. Only those entrusted with power to employ or discharge are vice-principals.

**7.—Same—Command of Foreman.**

The master is responsible for the results of a command given by a foreman to one placed under his control, to the same extent as though the command were given by the master, irrespective of the foreman's power to employ or discharge.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Baker & Lovett,* for appellant.

*A. C. Van Valzer,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee, who is a minor, brought this suit by his next friend to recover damages for personal injuries alleged to have been caused him by the negligence of the ap-

pellant. At the time he received the injuries complained of appellee was 18 years old and was in the employment of appellant as a common laborer in its planing and wood manufacturing mill. He began work in said mill on August 15, 1901, and continued in the performance of the duties of his employment until he was injured on September 27, 1901. On the last named date, while engaged in removing the sawdust and pieces of wood which had accumulated beneath a table or movable platform which was used to hold material that was being sawed with a circular saw, one of his hands was caught in the saw, and the thumb and three fingers of said hand were cut off. The petition alleges that at the time appellee was employed by appellant he had never worked in or around machinery, nor in a sawmill or wood factory, and that he so informed appellant's manager, Henry Bering, by whom he was employed; that appellee sought employment and was employed as a common laborer or helper in and about appellant's mill. "That thereafter, and during the continuance of said employment, the said Henry Bering directed plaintiff to assist one John Devore and to work under the direction and supervision of said Devore in such mill or factory as such common laborer or helper, and instructed plaintiff to obey the requirements and directions of said Devore at said work, he, the said Henry Bering, then and there well knowing that plaintiff was young, inexperienced in mechanical work and knew nothing of the dangers of work around machinery; defendant then and there gave the said Devore the control, direction and supervision of this plaintiff at said employment and around said mill or factory, and made, constituted and appointed the said Devore the agent and representative of defendant in the control and direction of plaintiff in said mill."

The circumstances under which appellee was injured as set out in the petition are in substance as follows:

"That on the 27th of September, 1901, the said Devore, as the agent of defendant, commanded said Henry Femelat to help him (Devore) to lower a table or platform, which platform was connected with a circular saw about thirty inches in diameter, and the said Devore then and there ordered plaintiff to clean away the sawdust, sticks and pieces of wood and refuse which had collected under said table, and which refuse prevented the lowering of the platform; that said command to perform the labor was given while said saw was in motion and revolving at a great rate of speed, and with great force, and that plaintiff unwillingly obeyed the command of Devore, in reliance upon the superior experience of Devore and in obedience to the directions given plaintiff at the time, believing that the saw was not in motion."

The negligence alleged in the petition consists in the general failure of appellant to inform and warn appellee of the dangers and hazards of working around a revolving circular saw, and especially in the failure of Devore to stop the saw before appellee was ordered to remove the sawdust, or to warn appellee that the saw was in motion and instruct

him how to remove the sawdust without coming in contact with the saw.

The appellant in its answer in the court below pleaded, (1) general demurrer; (2) general denial and plea of not guilty; (3) contributory negligence; (4) that plaintiff voluntarily went out of the line of his employment and placed himself in a position of increased hazard and danger; (5) that it was immaterial whether plaintiff had ever been warned of the fact that the circular saw was dangerous, because this fact was open and notorious and patent even to the simplest intelligence; (6) assumed risks; (7) that if plaintiff was injured because of the negligence of Devore, such negligence was that of a fellow servant; (8) that plaintiff had been duly warned with reference to his duties and the danger of coming too near the saw which caused his injury.

Appellee testified in substance that he was injured in the manner and under the circumstances alleged in his petition. He also testified that at the time he was employed he told Bering, appellant's manager, that he knew nothing about and had never worked around machinery; that he was employed as a helper for John Devore; that Bering placed him under Devore and told him to obey Devore in everything and do whatever Devore told him; that during all of the time he worked for appellant he worked with Devore and under his directions, except when Mr. Bering or Mr. King would come around and give him orders; that prior to the time he was injured he had never worked around the saw except to carry away the material after it had been run through the saw; that he had cleaned out from under the saw before, but had always used a shovel and had done the work when the saw was not in motion; that he thought the saw was stopped when in obedience to Devore's instruction to clean out the sawdust he put his hand under the table for that purpose and got it caught in the saw. On cross-examination he testified: "The smallest child would know it was dangerous to monkey with a buzz saw. I was hurt about 4:10 in the evening, and the saw had been constantly running since the noon hour. The saw is a very simple machine, as simple as I ever saw, and the first time I ever went there I knew it would be dangerous to monkey with it. The smallest child would know it would be dangerous to put their hand on it. I had worked there at the end of the table about forty days, and during all that time I had never cleaned off the frame of the saw before, nor helped clean it off. The sawdust had piled up underneath the table up to the saw."

There was testimony to the effect that when the buzz saw was revolving rapidly it was difficult to tell by looking at it whether it was in motion, and that other machinery in the mill made so much noise that the noise made by the revolving saw could scarcely be heard.

Devore testified: "The plaintiff worked with me from the middle of August to the latter part of September. It was his business to do the work of a helper. On the day he was hurt he had been working there all day at the saw, carrying material backward and forward. I

had run a piece of timber through the saw, and it did not cut quite deep enough. He was standing at the other end of the saw from me, and I raised the table and stooped down to knock off the dust on the end of the frame next to me, so that the table could be lowered a sufficient distance to enable the saw to cut deeper. I never told him to knock off the sawdust. It was only necessary to rake away the dust off the end next to me, because that was where it was accumulated. While I was stooping down, knocking off the dust, I heard the saw strike something, and his fingers dropped off at my feet. I raised up and he was standing there by the saw table holding his hand. I never said a word to him about cleaning off the saw or helping clean off, because it was not part of the work of a helper to clean off the sawdust during work hours. The saw was sometimes cleaned by the helper before it started up, but he would do this with a shovel and wheelbarrow. From where he reached his arm in beneath the saw table it was necessary for him to reach twenty-one or twenty-two inches in order to touch the saw. There was no necessity for his putting his hand in there as he did, as I always clean off the saw myself. When he first went to work there I told him what he was to do, and told him he was not to have anything to do with the saw; that I was to attend to that. The saw had been running a little over three hours since noon at the time he was hurt, and had not been stopped. I did not stop the saw when I stooped down to clean off the sawdust from the front end of the frame, as it was not necessary to have it stopped. The lever by which the saw is stopped is behind where I stand. The saw makes a buzzing noise when it is running, and when persons are standing near the saw frame they have no trouble to hear it running. Any person standing by the saw and looking at it can tell when it is in motion. I had told plaintiff that it was dangerous to get too near the saw, and he must not monkey with it. The saw is only exposed above and below the table, and in order to come in contact with it a person must reach across the table or across the frame underneath the table, at least twenty inches. It is in plain view all the time when the saw is in motion or when stationary, and every day that plaintiff worked there he worked in plain view of this saw. Mr. Bering is superintendent of the mill, and Mr. King is foreman."

There was other testimony corroborating the testimony of Devore that he did not order or request appellee to assist in cleaning away the sawdust, and also testimony to the effect that appellee was above the average boy of his age in point of intelligence, and that before he was employed by appellant he had worked for several months at a carriage factory in a building in which buzz saws and other machinery were in operation. There was also testimony to the effect that it could be easily determined by looking at a buzz saw whether or not it was in motion.

The trial court charged the jury as follows:

"Gentlemen of the Jury: The burden of proof is upon the plaintiff to make out his case by the preponderance of the testimony.

"If you believe from the evidence that the plaintiff was injured at

the time and in the manner substantially as charged and alleged in the plaintiff's petition, you will find for the plaintiff such an amount as will compensate him for his bodily pain and mental suffering by reason of such injury, and for cost of proper medical attention for his treatment, and for a sum sufficient to compensate him for his diminished ability to earn money after he becomes 21 years old.

"If you find that the plaintiff was not injured at the time and in the manner as charged in his petition, and was not injured as alleged, then you will find for defendant.

"You are charged that it is the duty of the plaintiff to use ordinary care in the performance of his duty, and of the employer to take proper precautions for the safety of the employes when working about machinery, especially when such person, through youth, inexperience or want of capacity may be unable to appreciate or avoid the danger to which he is exposed; therefore, if you believe from the evidence that plaintiff was employed to work about machinery, which was dangerous, and that defendant knew or should have known of the peril to which the plaintiff would be exposed, and did not give plaintiff reasonable notice of such danger, and he, without negligence on his part, through inexperience failed to perceive or understand the risk, and the plaintiff was injured, you will find for the plaintiff. Otherwise, find for the defendant, but the jury are charged that the fact that plaintiff was a minor does not relieve him from using ordinary care for his protection against risks incident to his employment. You are charged that ordinary care is such care that an ordinarily prudent person would exercise under the same or similar circumstances.

"The jury are the exclusive judges of the credibility of the witnesses and weight of the testimony; the law they will receive from the court."

Appellant's first assignment of error assails the second paragraph of the charge on the following grounds:

1. Because it was the duty of the court to evolve from the pleading the true issues of fact arising thereupon and submit such issues to the jury, and not leave the jury to decide for themselves what issues were presented by the pleading.

2. Because said charge was upon the weight of the evidence in that it in effect instructed the jury that the facts alleged in plaintiff's petition as to the manner in which he was injured constituted negligence per se.

3. Because it authorizes appellee, who is a minor, to recover medical expenses from appellant, when under the law such expenses were not chargeable to appellee but to his parents.

All of these objections are well taken. It may be that the failure of the trial court to inform the jury what were the issues of fact presented by the pleading would not require a reversal of the judgment, but the practice of referring the jury to the pleading to determine for themselves what are the issues presented has been uniformly condemned by our courts, and if the pleading in a case in which such charge is given is so involved and technical as to render it doubtful whether the

jury could clearly understand the issues presented a charge of this kind would require a reversal. Bradshaw v. Mayfield, 24 Texas, 482; Barclay v. Tarrant County, 53 Texas, 257; Railway v. Scott, 71 S. W. Rep., 36.

It was clearly error for the court to instruct the jury that the facts alleged in plaintiff's petition as to the manner in which he was injured established negligence on the part of appellant and we are satisfied the trial judge did not so intend, but such we think is the effect of the charge. The jury are told that "If they find that plaintiff was injured by defendant in the manner substantially as charged and alleged in the petition they must find for the plaintiff." The jury were not authorized to find for the plaintiff unless they found from the evidence that plaintiff's injury was directly caused by defendant's negligence and the above charge was manifestly erroneous, unless it can be said as a matter of law that the facts alleged in plaintiff's petition as to the manner in which the plaintiff was injured establish negligence on the part of the defendant.

The substance of the allegations of the petition as to the manner in which plaintiff was injured may be stated as follows: Plaintiff, who was 18 years old at the time of the injury, was directed by Devore to remove the sawdust from under a table connected with a circular saw which was in motion. He had never before worked about a circular saw, and did not know that this saw was in motion, and did not know the danger of working about machinery. The defendant knew of plaintiff's inexperience and failed to warn him of the dangers incident to his employment, and Devore failed to tell him that the saw was in motion at the time he ordered him to remove the sawdust and also failed to stop the saw or to instruct plaintiff how to remove the sawdust without coming in contact with the saw. In obedience to the order of Devore to remove the sawdust plaintiff put his hand under the table for that purpose and it was caught in the saw and four of his fingers cut off. Acts which are contrary to the statute, or are so opposed to the dictates of prudence that reasonable minds can reach no other conclusion than that no person of ordinary care would commit them, are deemed in law negligence per se. Unless the acts relied on to establish negligence in a particular case are acts of this character the question of negligence is one for the jury.

It certainly can not be contended that the failure of appellant to warn appellee of the danger of working around a circular saw, or the failure of Devore to stop the saw when he directed appellee to remove the sawdust, or to inform appellee that said saw was in motion, and direct him how to remove the sawdust without coming in contact with the saw, are acts which can be deemed negligence per se under the rule above laid down. These omissions of duty on the part of appellant and its agent Devore under the circumstances alleged in the petition only raise the issue of negligence on appellant's part and that question should have been submitted to the jury. Railway Co. v. Murphy, 46 Texas, 366;

Railway Co. v. Gasscamp, 69 Texas, 547; Baker v. Ashe, 80 Texas, 361; Willoughby v. Townsend, 45 S. W. Rep., 861.

Appellee being a minor his parents were primarily responsible for the cost of medical attention furnished him, and in the absence of allegation and proof of facts which would render him liable therefor he can not recover such expenses from the appellant. Bering Mfg. Co. v. Peterson, 67 S. W. Rep., 133.

We do not think the assignments which present the objections urged to the third and fourth paragraphs of the charge should be sustained, for the reason that said paragraphs contain no affirmative misstatement of the law and the omissions complained of could have been supplied by special charges.

Special instruction number 2 given at the request of plaintiff, and which is complained of in the fourth assignment of error, should not have been given, because it authorized the jury to find for the plaintiff if they believed from the evidence that plaintiff was young and inexperienced in working around moving machinery, and appellant, knowing his youth and inexperience, sent him into a place of danger without giving him warning or notice of such danger, without requiring the jury to find that the acts stated constituted negligence on appellant's part and that the appellee was not guilty of contributory negligence in obeying such orders.

The fifth special instruction given at the request of plaintiff was objectionable and should not have been given, for the reason that it also authorized a recovery by appellee regardless of the question of contributory negligence.

Special charge number 9 requested by the plaintiff should not have been given, because the abstract principles of law therein announced, if correct, are not applicable to the facts of this case.

The twenty-fourth special instruction given at the request of plaintiff instructs the jury that "An employer can not escape liability for an injury to a servant which was caused by the wrongful act of a fellow servant whom the employer has placed over and given superintendence of the work of the servant who was injured." This instruction was clearly erroneous and ought not to have been given. It is a settled rule of decision in this State that an employer is not liable for the negligent act of a foreman or boss by which a fellow servant is injured unless such foreman or boss had the power to employ or discharge his injured fellow servant. The rule may be an arbitrary one, but it has been uniformly recognized and enforced by our Supreme Court. Railway Co. v. Williams, 75 Texas, 7; Railway Co. v. Smith, 76 Texas, 618; Young v. Hahn, 6 Texas Ct. Rep., 107.

We do not understand, however, that this rule applies to an act of a foreman or boss which from its nature must necessarily be considered the act of the master.

We are of opinion that the act of Devore in ordering appellee to remove the sawdust must be deemed the act of appellant, and if such

order was in fact given and was under the circumstances negligence, appellant would be liable for the proximate result of such negligence unless the appellee was guilty of contributory negligence in obeying the order. In all orders given by a foreman in reference to work under his supervision and control and given to those who have been placed by the master to work under him the foreman necessarily speaks for the master, and the doctrine of fellow servants does not release the master of liability for injury to a fellow workman of the foreman which is the proximate result of the negligence of the foreman in giving the order. Railway Co. v. Fort, 84 U. S., 554; Lalor v. Railway Co., 52 Ill., 404.

It is the duty of an employe to obey the reasonable orders of his superior in regard to the work which he is employed to perform and about which the superior has authority to direct him, and unless the danger of compliance with an order thus given is so apparent that a person of ordinary prudence would not obey it the master is responsible for the result of the employe's obedience. Railway Co. v. Kelly, 8 Texas Ct. Rep., 703.

The evidence in this case shows that appellee was placed at work under Devore, and that the latter had the authority both express and implied to direct and control appellee in the performance of the duties of his employment. Under these facts it follows, as we have before said, that if Devore directed appellee to remove the sawdust, in giving such order he was the alter ego of the appellant and not the fellow servant of the appellee. If no such order was given and appellee voluntarily attempted to remove the sawdust while the saw was in motion the act of Devore in failing to stop the saw when he observed that appellee was engaged in removing the sawdust, if negligence, would be the negligence of a fellow servant for which appellant could not be held liable.

We shall not discuss in detail the various assignments of error which complain of the action of the trial court in refusing special instructions requested by the appellant. It is sufficient to say that appellant had the right to an affirmative presentation to the jury of each of the defenses relied on by it, and upon another trial proper charges presenting these defenses should be given. The defense of fellow servant, as we have before said, is only applicable to one phase of the case, and should not have been presented as in the charge requested by appellant.

The jury should have been instructed, as requested by appellant, that the fact that appellee was a minor did not relieve him of the duty to use that care and caution to prevent injury to himself which one of his age and intelligence would ordinarily use under similar circumstances.

Because of the errors in the charge before pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error refused.