KINGSLEY et ux. v. KERR et al.†

(Court of Civil Appeals of Texas. Feb. 8, 1911. Rehearing Denied March 8, 1911.)

1. APPEAL AND ERROR (§ 938*)—REVIEW— MAKING BILL OF EXCEPTIONS—STATEMENT OF FACTS—APPLICATION FOR EXTENSION OF TIME.

Where the statute authorizes the district judge to extend the time for filing the bill of exceptions and statement of facts upon good cause shown, and an application for extension is made more than two months after adjournment of court, joined with a request to the judge to prepare a statement of facts, the application stating that the parties had not agreed upon and filed a statement of facts, and not that they could not so agree, it will be presumed that the judge exercised a sound discretion in denying the application.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3797; Dec. Dig. § 938.*]

2. ADVERSE POSSESSION (§ 10*) — PERSONS WHO MAY RELY ON LIMITATIONS—RAILROADS.

A railroad company may obtain title under the statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 61; Dec. Dig. § 10;* Railroads, Cent. Dig. § 142.]

Appeal from District Court, Dimmit County; J. F. Mullaly, Judge.

Action by L. A. Kerr and others against B. F. Kingsley and wife. Judgment for plaintiffs, and defendants appeal. Affirmed.

I. B. Henyan and E. A. Moore, for appellants. N. A. Rector, for appellees.

FLY, J. This is a contest over a boundary between two tracts of land, which was instituted by appellees, L. A. Kerr and James A. Brooks, who pleaded 10 years limitation as a part of their title. The cause was submitted to a jury, which found for appellees on the plea of 10 years limitation. The record appears without bills of exception or statement of facts, as they were heretofore stricken out of the record by this court.

The first assignment of error complains of the action of the court in denying an extension of time for filing statement of facts and bills of exception. The statute empowers the district judge to extend the time "upon good cause shown," thereby placing the discretion with him to extend or not, as the facts may justify. We must presume that he acted within his sound discretion in denying the application for extension of time. The application for extension was made more than two months after the adjournment of the court. We cannot review the action of the court in refusing to attempt to prepare a statement of facts when the record indicates laches in preparing the statement of facts and in attempting to obtain an agreement with opposing counsel. It will be presumed that the lower court was not convinced that proper efforts had been made to obtain an agreement to the statement of facts. The very fact that a prayer for an extension of time and a request to the judge to prepare a statement of facts were contained in the same application indicates that appellants had not exercised proper diligence. It is not stated in the application that appellees had refused to agree to a statement of facts, but "that the defendants and the plaintiffs have not agreed upon and filed a statement of facts and bills of exceptions."

There is no merit in the contention that a railroad company cannot obtain title by limitations. The statute of limitations does not make any exception as to corporations. It was held by this court in the case of Board of School Trustees v. Railway (Civ. App.) 67 S. W. 147, that a railway company could acquire title to land by 10 years limitation. The same right is indirectly recognized in the case of Railway v. Wilson, 83 Tex. 153, 18 S. W. 325. The question as to limitations has been considered on the pleadings; there being no statement of facts.

The assignments of error are all overruled, and the judgment affirmed.