HOUSTON BELT & TERMINAL RY. CO. v. MONTELLO.

(Court of Civil Appeals of Texas. Galveston. March 11, 1914.)

1. TRIAL (§ 191*) — INSTRUCTIONS ASSUMING FACTS—QUESTIONS FOR JURY.

In a railroad employé's action for injuries, in which the petition alleged that, while plaintiff and other employés were loading rails on a flat car, the foreman so hurried such employés, and so negligently directed the work, as to cause several of the employés to let a rail fall in great haste, and with great violence, in a careless manner, injuring plaintiff, an instruction to find for plaintiff, if he was injured as alleged, was erroneous, since whether the act of the foreman in hurrying the employés, or the act of the employés in dropping the rail, was negligence, and whether such negligence was the proximate cause of the injury, should have been submitted to the jury; the evidence tending to show that plaintiff's coemployés dropped their end of a rail, causing the end which plaintiff was assisting in carrying to drop and strike his leg.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

2. DAMAGES (§ 210*)—ACTIONS FOR INJURIES—INSTRUCTIONS.

In an employé's action for injuries, where the evidence as to the character and extent of his injuries was conflicting, it was error to charge that, if the jury found for plaintiff, they should allow such sum as they believed from the evidence would compensate him "for the injuries complained of," as he could recover for only such injuries as the evidence showed.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 537, 538; Dec. Dig. § 210.*]

3. TRIAL (§ 191*)—INSTRUCTIONS — PROVINCE OF JURY.

In an employé's action for injuries, an instruction that, if the foreman directing the work of loading rails on a flat car unduly hurried the men carrying a rail, plaintiff would be entitled to recover, if he did not bring on the injury by his own act or neglect, was erroneous, as

whether the act of the foreman was negligence should have been submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

Appeal from Harris County Court; A. R. Hamblen, Special Judge.

Action by John Montello against the Houston Belt & Terminal Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman, of Houston, for appellant. Gibson & Wander, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover damages in the sum of $1,000 for personal injuries alleged to have been sustained by him as a result of the negligence of appellant. The cause of action, as alleged by plaintiff, is as follows:

"Plaintiff alleges that on or about the 24th day of July, 1912, he was working in an extra gang, laying and carrying rails for said company, at a point on said road near Houston, Harris county, Tex., from a place near the railroad track, to a flat car of defendant, upon its track, for conveyance elsewhere; that, while so at work for said defendant, he received an injury through the carelessness and negligence of said defendant, its agents and employés, by being struck with a heavy iron rail across his left leg, below his knee, with such violence, and in such manner, as to be made quite sick, and to permanently injure and impair him in the use of said leg, and to cause him to suffer great physical pain and mental anguish from thence until now.

"Plaintiff further shows that the injury received, as aforesaid, was the direct and proximate result of the carelessness and negligence of said defendant and its foreman, agent, and employés, in this: Plaintiff was one among others engaged to lift and carry certain heavy iron or metal rails from the ground that was situated on the right of way, to load upon a flat car on said track for said defendant railway company, and that, while plaintiff was so at work for said defendant, a certain foreman of defendant, directing him and other workmen of defendant engaged in the same kind of work in loading said hand car with said heavy rails, did so hurry and rush said servants and employés, and did so carelessly and negligently direct the work, as to cause several of said servants to throw down or let fall in great haste, and with great violence, and in careless manner, a heavy iron rail to the ground near where he (plaintiff) was at work, and which did fall upon his leg as aforesaid.

"Plaintiff would show: That, at the point where plaintiff was at work, the surface of the ground was uneven, and the ground was obstructed with loose iron rails, ties, and

timbers lying between the point from which plaintiff and other helpers were required to get them, and carry each rail to the railroad track where the rails were being loaded on the flat car. That said rails were so heavy, and the surface of the ground so obstructed, that it required great care and caution in moving over the ground while carrying such heavy weight. That defendant furnished four men to carry each rail, and the rails were much too heavy for the four men to carry safely. That conveying one of these rails the defendant's foreman recklessly and carelessly hurried plaintiff and his co-workers so that, straining under the great weight, one of them stumbled against an obstruction and let fall the weight, so that the hold of all the others, together with plaintiff's, was broken, and the rail fell to the ground, crushing plaintiff's left leg thereunder, and inflicting the wound above described. That plaintiff was using all diligence and care for his safety, and that the injury was not contributed to by any act of his, but was directly caused by defendant's negligence as heretofore stated."

The defendant answered by general demurrer, general denial, and special plea, denying that it or its agents and servants carelessly or negligently directed the work referred to in plaintiff's petition in such manner as to cause any injury to plaintiff, and that there were any obstructions in the way of the work as to interfere with it, or which did interfere with the plaintiff, or cause the plaintiff any injuries; and by further special pleas setting up the defenses of inevitable accident, assumed risk, and contributory negligence.

The trial in the court below, with a jury, resulted in a verdict and judgment in favor of plaintiff for the sum of $950.

Upon the issue as to how plaintiff's injuries were caused, the testimony was conflicting.

There is evidence tending to sustain plaintiff's claim that, while engaged with other employés of defendant in carrying a heavy rail for the purpose of loading it on a car, his co-workers, who were unduly rushed and hurried by the foreman in charge of the work, let the end of the rail carried by them fall, and this caused the end which plaintiff was assisting to carry to drop down and strike plaintiff's leg and injure him as alleged in his petition. There is also evidence to sustain the contention of defendant that plaintiff was injured by his own negligence in running or walking against a rail which was being carried by other employés of defendant, without the assistance of plaintiff, and in so doing struck his leg against the rail and thereby received his injuries.

[1, 2] This being the state of the evidence, the trial court gave the jury the following charge: "You are charged that, if you believe by preponderance of the evidence plaintiff was injured in the manner and under the circumstances alleged, if from the evidence you believe he was injured, then you are instructed to return your verdict for plaintiff, against defendant, for such a sum as you believe from the evidence will compensate plaintiff for the injuries complained of, not to exceed $950."

The first assignment of error complains of this charge on the ground that it instructs the jury to return a verdict for the plaintiff, if they find from the evidence that plaintiff was injured in the manner and under the circumstances alleged, thereby assuming that, if the facts alleged as to circumstances under which plaintiff's injuries were caused were true, such facts, as a matter of law, established negligence on the part of defendant, and plaintiff's injuries were the proximate result of such negligence.

The charge is further assailed because it authorizes the jury to compensate plaintiff for the injuries complained of, regardless of whether such injuries were established by the evidence.

We think these objections to the charge are valid. It certainly cannot be held, as a matter of law, that defendant was guilty of negligence, if the facts as to the manner and circumstances in which plaintiff was injured were as alleged in his petition. The jury might have found that the act of the foreman in hurrying and rushing plaintiff's co-workers in their work, or the act of said co-workers in dropping the end of the rail carried by them, was under the circumstances negligence, and that such negligence was the proximate cause of the plaintiff's injuries; but they should not have been instructed that they must so find. The acts alleged did not constitute negligence per se, and, even if they could be so held, such negligence was not, as a matter of law, the proximate cause of the injury, because it cannot be said that reasonable minds could not differ in the conclusion that defendant could have reasonably anticipated that such negligence would have resulted in injury to plaintiff. Bering Mfg. Co. v. Femelat, 35 Tex. Civ. App. 36, 79 S. W. 869; Railway Co. v. Burns, 63 S. W. 1035.

The court in subsequent charges properly defined negligence and proximate cause; but neither the question of defendant's negligence nor the issue of proximate cause was submitted to the jury.

It goes without saying that plaintiff was only entitled to recover compensation for the injuries which the evidence shows he sustained. The evidence was conflicting as to the character and extent of his injuries, and, such being the state of the evidence, it was manifestly erroneous for the court to tell the jury that, if they found for the plaintiff, they should give him such sum as would compensate him for "the injuries complained of."

[3] The second assignment complains of the

following paragraph of the court's charge: "The court ·charges the jury that, although they may believe that the place where plaintiff was at work at the time of the injury may have. been free from obstruction, yet, if the jury believes from the evidence that the injury, if any, was caused by an accident produced by the defendant's foreman directing the work at the time unduly hurrying and hastening the men carrying the rail, then the plaintiff would be entitled to recover, provided he himself did not bring on the injury by his own act or neglect."

This charge repeats and emphasizes the error in the charge complained of by the first assignment, in that it, in effect, instructs the jury that the alleged act of the foreman in unduly hurrying and hastening the workmen was negligence, instead of submitting to the jury the question of whether such act was negligence.

Because of these errors in the charge, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.