WEBSTER et ux. v. INTERNATIONAL & G. N. RY. CO. (No. 7307.)

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1917. Rehearing Denied March 15, 1917.)

1. APPEAL AND ERROR ⬤⟞544(3)—REVIEW IN ABSENCE OF STATEMENT OF FACTS.
In the absence of a statement of facts, the appellate court may consider only such matters as specifically appear from the record.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2417, 2424.]

2. APPEAL AND ERROR ⬤⟞934(2) — ABSENCE OF STATEMENT OF FACT—PRESUMPTIONS.
In the absence of a statement of fact showing the evidence, it will be conclusively presumed on appeal that the evidence sustained the judgment.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3777.]

3. TRESPASS TO TRY TITLE ⬤⟞6(1)—EVIDENCE OF TITLE—LACK OF TITLE OF ADVERSARY.
In trespass to try title, plaintiff must recover upon the strength of his own title, and not upon the weakness of his opponent's.
[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–7, 9, 15, 16.]

4. ADVERSE POSSESSION ⬤⟞10—ACQUISITION BY RAILROAD.
Const. art. 1, § 17, providing that no personal property shall be taken for public use without adequate compensation first made, does not prevent a railroad from acquiring title to land by adverse possession.
[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 58–64.]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Daniel Webster and wife against the International & Great Northern Railway Company. From a judgment for defendant, and from an order overruling a motion for a new trial, Lizzie Webster, the wife, in whose name the cause was prosecuted after the death of her husband, brings error. Affirmed.

See, also, 184 S. W. 295.

James Slyfield, E. H. Vasmer, C. L. Michael and Guynes & Colgin, all of Houston, for plaintiff in error. Wilson, Dabney & King and Geo. A. Hill, Jr., all of Houston, for defendant in error.

GRAVES, J. This was a suit of trespass to try title by Daniel Webster and wife, Lizzie Webster, for the recovery of the land involved in controversy, but upon the death of her husband Lizzie Webster was authorized to prosecute the same in her own name and in her own right. Plaintiff claimed under the 10-year statutes of limitation; while defendant, after categorically denying all allegations of plaintiff's petition, interposed pleas of the 3, 5, and 10 year statutes of limitation. Plaintiff, by supplemental petition duly filed, urged demurrers to the respective pleas of limitation on the part of the railway company, on the ground that a railway company was without authority of law to acquire title to land by adverse possession and without paying the owner thereof its just value, consonant to the provisions of the Constitution of Texas. These demurrers were overruled, and the case was tried with the intervention of a jury; but on motion, made by defendant company, the court peremptorily instructed the jury as follows:

"You are instructed that, if the plaintiff has ever had title to the land sued for, then that her title, if any, has been barred by limitation in favor of the defendant. Therefore you will return your verdict for the defendant."

Pursuant thereto, the jury properly returned its verdict for defendant, upon which the court entered judgment in its favor and against the plaintiff for the land sued for.

Plaintiff filed a motion for new trial, which was in all things overruled by the court, to which plaintiff duly excepted and gave notice of appeal, and duly filed her petition for writ of error to this court.

[1] No statement of facts is before us, none having been filed in the trial court, but the transcript contains both the order of the trial court overruling plaintiff's demurrers and exceptions to the pleas of limitation as set up in defendant's answer, and her bill of exceptions to the action of the court in so overruling her demurrers and special exceptions. It thus appears from the record that both parties below plead the statute of limitations; that the plaintiff filed demurrers and special exceptions to the said pleas of limitation filed by the defendant, on the ground that it was a railway corporation under the laws of Texas, and as such was without authority of law to acquire title to land by limitation; that the court overruled said demurrers and exceptions, and peremptorily instructed the jury to find for the defendant railway company upon the specific ground that, if plaintiff had ever had any title to the land, it had been barred by limitation in defendant's favor.

While the railway company, defendant in error, vigorously objects to this court's considering plaintiff in error's brief, or her appeal, for the reason that, as stated, no statement of facts was filed, as a general rule, we think its objection well taken; but because of the fact that the exact action of the court here appears otherwise of record, notwithstanding the absence of a statement of facts, we conclude that we should consider the assignments. But in doing so, in the absence of a statement of facts, we are certainly precluded from in any manner going into the question of who had title to the land. Ajax-Grieb Rubber Co. v. Hubbard, 181 S. W. 568; Smyer v. Railway Co., 154 S. W. 336; Connally & Shaw v. Saunders, 142 S. W. 975; Railway Co. v. Barrett, 45 Tex. Civ. App. 73, 100 S. W. 800, affirmed 102 Tex. 579; Hines v. Sparks, 146 S. W. 289, application for writ of error dismissed 106 Tex. 632; Harbert's Adm'r v. Henly, 31 Tex. 666; Pioneer Lumber Co. v. Smither, 135 S. W. 705; Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 110; Hess v. Webb, 113 S. W. 618.

[2] Furthermore, it is conclusively presumed, in the absence of any statement of facts showing what the evidence was, that the evidence sustained the judgment of the trial court. Hunton v. Nichols, 55 Tex. 225; Baldridge v. Penland, 68 Tex. 442, 4 S. W. 565; Bk. III, Tex. Notes, 850; Cabell v. Floyd, 21 Tex. Civ. App. 138, 50 S. W. 478; Hackney v. Schow, 21 Tex. Civ. App. 616, 53 S. W. 713.

[3] There is, therefore, no showing whatever in this court that plaintiff in error ever had the slightest title to said land, but she assumes that the trial court, in instructing

the jury as it did, necessarily found that she had title, while this in no manner follows. One of the fundamental rules in trespass to try title is that the plaintiff must recover upon the strength of her own title, and not upon the weakness of her opponent's title. Hillmann v. Meyer, 35 Tex. 538; Jones v. Lee, 41 S. W. 195; Soape v. Doss, 18 Tex. Civ. App. 649, 45 S. W. 387; Willoughby v. Townsend, 18 Tex. Civ. App. 724, 45 S. W. 861; Allen v. Worsham, 50 S. W. 157; Peterson v. Renner, 51 S. W. 867; Smith v. Rothe, 55 S. W. 754; Trevy v. Lowrie, 40 Tex. Civ. App. 321, 89 S. W. 981; Jaggers v. Stringer, 47 Tex. Civ. App. 571, 106 S. W. 151; Brown v. Orange County, 48 Tex. Civ. App. 470, 107 S. W. 607; De Roach v. Clardy, 52 Tex. Civ. App. 233, 113 S. W. 22; Bailie v. Western Live Stock & Land Co., 55 Tex. Civ. App. 473, 119 S. W. 325; Murphy v. Luttrell, 56 Tex. Civ. App. 149, 120 S. W. 905; White v. McCullough, 56 Tex. Civ. App. 383, 120 S. W. 1093; Ward v. Nelson, 62 Tex. Civ. App. 281, 131 S. W. 310; Lefevre v. Jackson, 135 S. W. 212; Skov v. Coffin, 137 S. W. 450; Staley v. King Bank & Mer. Co., 144 S. W. 308. Nor did the defendant in error unconditionally admit that it had acquired plaintiff in error's title by limitation, as is mistakenly stated by her, but its statement was merely:

"The undisputed evidence showed that defendant acquired title to the land in question by adverse possession under the 3, 5, and 10 year statute of limitation."

[4] Since the four assignments of plaintiff in error, in varying forms, state but a single question, they will be treated as one. Her position is thus summarized: That the court erred in overruling her exceptions to the defendant's answer setting up the different statutes of limitation, because this defendant, being a railway corporation, is required by article 1, § 17, of the Constitution of Texas to pay for the land of plaintiff before it acquires a legal right to use the land for public purposes. In support of this position she maintains that:

"Because a railway corporation is a creature of the statutes, and as such must derive all of its powers and authority from the law; and as the statutes of this state restrict its acquisition of property to two ways, that is, by deed or condemnation proceedings, the defendant was without authority of law to enter upon the land of plaintiff, and by holding the same adversely acquire the title for itself by limitation."

It is thus again seen, in the face of the record, that her entire contention rests upon the erroneous assumption that she in fact had title and had so shown; if she had shown that, a very different situation would be presented here. But, even considering her contention as an abstract proposition, we know of no such limitation on the manner in which a railway corporation may acquire title to land; upon the contrary, it has been frequently held by our courts that the statute of limitation did not make any exceptions

as to corporations, and that a railway company may obtain title, either to "easements," or in fee simple, under them. This being true, it necessarily follows that the acquisition of the title to the land in controversy in this suit by the railway company under the statutes of limitation was in a lawful manner, and hence was not a "taking" within the meaning of article 1, § 17, of the Constitution of Texas. G., C. & S. F. Ry. Co. v. Brandenburg, 167 S. W. 170; Buchanan v. H. & T. C. Ry. Co., 180 S. W. 625; Kingsley v. Kerr, 135 S. W. 161; Small v. McMurphy, 11 Tex. Civ. App. 409, 32 S. W. 788; Moore v. City of Waco, 85 Tex. 206, 20 S. W. 61; Stanley v. Schwalby, 147 U. S. 508, 13 Sup. Ct. 418, 37 L. Ed. 259; Norris v. City of Waco, 57 Tex. 635; Click v. Lamar County, 79 Tex. 124, 14 S. W. 1048; City of Austin v. Hall, 93 Tex. 596, 57 S. W. 563.

Finding no error in the judgment of the trial court, it will be in all things affirmed.

Affirmed.