HbmphiIiI/, Ch. J.
The counsel for the appellee is mistaken in supposing that the motion was not made in time. The verdict is dated on the 22d of March, and the judgment must have been then rendered, and not on the ISth, as-stated in the brief. The motion was filed on the 24th.
It is insisted that the motion for a new trial should 'have been sustained on one of tile grounds embraced in the motion, viz, that it was .contrary to the law and the evidence, and that the evidence was defective in not showing- that the certificate had been recommended as genuine and legal.
" It is a general rule in actions of this character that the plaintiff must recover on the strength of his own title and not on the insufficiency of the defendant’s. The possession of the defendant gave him a right against the plaintiff until he showed sufficient title, (5 T. R., 110; 2 T. R., 634; 7 T. R., 47; 2 Black., 196.)
The legal title to the land still remains in the Government, but it was not essential to the plaintiff’s right of recovery that it should bo based on the legal title. By the 23d section of the statute of limitations (art. 3230, Digest) it is declared “that all certificates for headrights, laud scrip, bounty warrants, or other evidences of right to land recognized by the laws of this Government, which have been located or surveyed, shall be declared and held sufficient title to authorize the maintenance of actions of ejectment, trespass, or ally other legal remedy given by law.”
Has this certificate been recognized by the laws of this Government, or can any location or survey upon it'bave legal efficacy? None whatever for the purposes of tins suit. By the act to detect fraudulent land certificates, &c., (p. 009, Digest,) commissioners were authorized t'o ascertain what certificates had been issued to legal claimants, and to report such as they found to he genuine and legal, and the Commissioner of the General Land Office was prohibited from issuing a patent upon any survey that had not been or should not thereafter be made by authority of a certificate returned as genuine and legal, &c.; and any patent issued contrary to the provisions of the act was declared to he null and void. By subsequent- provisions of law and of the Constitution authority was given for the re-establishment of unrecommended certificates, but the original certificate was not to be taken as evidence-of the matters embraced therein, but only of the fact that it liad been issued, and all such certificates not re-established were declared to he barred, and locations and surveys thereon to be forever null and void. (Const., art. II.)
It was not shown- by the evidence that this certificate had been recommended or re-established, and it was therefore a mere nullity, and could not he the foundation of any right or title whatever in the plaintiff. The recommendation of the certificate as a genuine and legal claim or its re-estab *147 lishment is an essential element of its legal existence or validity. Without this it has no force nor vitality in law. It is evidence of no right, in fact it is no more than mere waste paper. No presumption that lias been recommended or re-established can be admitted. Such presumptions will not authorize either a survey or patent. The facts must be shown to authorize either. They are substantive ingredients of the claimant’s title or right, and as necessary to its support, and can no more be presumed than the fact of the original issue of the certificate itself.
Note 52.—Simpson v. McLemore,8 T., 448; Burleson v. Burleson, 28 T., 383; Kinney v. Vinson, 32 T., 125; Hilliman v. Meyer, 35 T, 541; Linthicum v. March, 37 T., 349.
Note 63.—Peek v. Moody, 23 T., 93; Durrett v. Crosby, 28 T., 687.
The fact that the survey was made and recorded before the passage of the act to detect fraudulent land certificates is immaterial. Patents were prohibited and declared to be mill on all surveys, whether made before or after, if not made by the authority of a legal and genuine claim. The certificate was made the foundation of tile title, if that is shown to be genuine, locations and surveys thereon are valid; if not, they are void, whether they were made before or subsequent to the action of the examining boards of commissioners. (Vide Warren v. Shuman, 5 Tex. R., 441.)
In the case of Bracken v. Wells, decided at December Term, 1848, it was held tliat a mandamus would not issue to compel a survey upon a certificate unless upon the evidence prescribed by law-as proof of the genuineness of tho claim. And in Glasscoek v. The Commissioner of the General Land Office, decided at the same term,, the same principle was ruled in relation to the issue, of a patent upon a survey. Incontrovertible proof of the fact of genuineness was held to be essential; and this, where a patent is sought, is to be found in the report of the investigating commissioners.
In the ease of Smitli v. The Commissioner of the General Land Office, December Term, 1849, the allegation that the certificate liad been recommended as genuine and legal was held to he essential to the legal sufficiency of tho petition and to authorize a mandamus to compel a patent to issue.
The petition in the case before the court shows that the, plaintiff's title is founded upon a certificate and survey. The further averment should have been made that the certificate had been recommended as genuine and legal by the investigating hoard appointed under the act for that purpose.
In this species of action it was not necessary to have averred the evidences of the plaintiff’s title, but if these be alleged, the substantial elements of the title must he stated, aiul none is more essential than tho recommendation or the re-establishment of the certificate.
Judgment reversed.