R. C. LINTHICUM v. S. W. MARCH AND ANOTHER.

1. Defendant in trespass to try title pleaded the general denial and not guilty.  Plaintiffs deraigned their title from one R., and then, to make out their case, offered certain conveyances to show that the defendant also claimed under R. ; but defendant disclaimed any title from or under R., and objected to the introduction of the conveyances offered by the plaintiffs.  *Held*, that it was error to overrule the defendant's objections and admit the conveyances.
2. In trespass to try title, the possession of the defendant gives him the right against the plaintiff, until the latter shows a sufficient title.

APPEAL from Rusk.  Tried below before the Hon. J. B. Williamson.

The opinion discloses the case.

*Martin Casey*, for the appellant.

*W. Stedman*, for the appellees.

Ogden, J. We think there is error in the judgment of the District Court, in this cause, which will require a reversal of the same. Appellees brought this suit against the appellant, in trespass to try title, and the only answer filed by defendant was a general denial, and not guilty. Neither in his pleadings nor evidence, did he claim any title to the land in controversy, excepting by possession; and yet the plaintiffs below were permitted to prove up a claim for title, or rather deeds for title, in the defendant, back to Ross, a common vendor with themselves, so as to save the necessity of proving up a complete title from the sovereignty. We think this was error in the ruling of the court, for the reason that the defendant had in no way set up any claim of title from Ross, but, on the contrary, distinctly disclaimed in open court any title of that character. We are clearly of the opinion that the defendant had the undoubted right to mark out his own line of defense, provided he was willing to take the responsibility, without being compelled to accept such a defense as his adversary saw proper to award him.

The defendant set up no other claim of title than that of possession, and that claim, accompanied by actual peaceable possession at the commencement of this suit, was a sufficient defense against any and all claims, unsupported by a complete title. Mr. Angell says, " it is a maxim of our law, that a party " in the possession of property is considered to be the owner, " until the contrary is proved." (Ang. on Ejectment, 33.) And hence the rule, that the plaintiff in ejectment or trespass to try title must recover on the strength of his own title, and not on the weakness of his adversary's. This has been the repeated language of this court since Hughes *v.* Lane, 6 Texas, 291, in which it is said; " The possession of the defendant gave him a " right against the plaintiff, until he showed sufficient title."

In the case at bar, the plaintiffs below proved up a title in themselves from Ross, but there was no evidence what Ross's title was, or whether he ever had any title; and certainly this is not what Ch. J. Hemphill would have declared a sufficient title. The case of McKee v. Welch, 22 Texas, 390, is not applicable to the question now under consideration, but we fully recognize the soundness of the law as enunciated in that case, and the principles there laid down will govern the facts of this case so far, as applicable. But as the defendant in this cause has set up no claim of right to the land in controversy, excepting that of a possessory right, we do not feel called upon to decide the case in advance. For the error here noticed, the judgment is reversed and the cause remanded.

Reversed and remanded.