GEORGIA V. MOORE ET AL. v. ELIZA KEMPNER ET AL.

Decided December 5, 1905.

**1.—Insufficient Assignment of Error.**

An assignment of error and proposition and statement thereunder considered, and held insufficient in certainty to require consideration.

**2.—Same—Trespass to Try Title.**

A plaintiff in trespass to try title can only recover by showing title from the sovereignty of the soil, or a superior title from a common source.

**3.—Payment of Taxes.**

In trespass to try title, unless a party claims the land by limitation, the payment of taxes for any number of years is immaterial.

Appeal from the District Court of Houston County. Tried below before Hon. John J. Wood.

*H. W. Moore,* for appellants.—In support of the first assignment of error, cited: Sayles' Civ. Stats., arts. 4796, 4797, 4798, 4799, 4802; 71 Texas, 433; 79 Texas, 238.

In support of the second assignment of error, cited: 82 Texas, 68; Sayles' Real Estate Laws, art. 832, 1047-1049; 65 Texas, 214; 71 Texas, 433; 79 Texas, 238; 66 Texas, 31; 67 Texas, 107; 67 Texas, 629; 65 Texas, 111.

That it was error to exclude evidence of the payment of taxes: 2 Texas, 225; 66 Texas, 126.

*Nunn & Nunn,* for appellees Ellen B. and J. O. Ross, and *Adams & Adams,* for Eliza Kempner.—Where a sheriff attempts to levy on and sell a piece of land under execution, a part of a larger survey, it is necessary that he designate the particular tract of land by metes and bounds, or in some other satisfactory mode, by which the land sold can be identified, and such description, as used by the sheriff, must contain, within itself, a full and complete description of the land, and it will not be aided by parol evidence. Wooters v. Arledge, 54 Texas, 395; Donnebaum v. Tinsley, 54 Texas, 365; Allday v. Whitaker, 66 Texas, 671; Harris v. Schafer, 86 Texas, 316; Morgan v. Smith, 70 Texas, 641; Mitchell v. Ireland, 54 Texas, 306; Beze v. Calvert, 20 S. W. Rep., 1133; Gallagher v. Rahm, 31 S. W. Rep., 328; Curdy v. Stafford, 27 S. W. Rep., 824; McManus v. Orkney, 39 S. W. Rep., 618; Smith v. Crosby, 86 Texas, 19; Basset v. Sherrod, 35 S. W. Rep., 316.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant Georgia V. Moore, joined by her husband, H. W. Moore, against the appellee Eliza Kempner, to recover a tract of 160 acres of land, a part of the Henry Orender survey in Houston County.

The defendant answered by general demurrer and plea of not guilty, and vouched in her warrantor, T. L. Ross, who also answered plaintiff's petition by general demurrer and plea of not guilty, and vouched in his warrantors, Ellen B. and J. O. Ross. These defendants also pleaded not guilty to plaintiff's petition.

The cause was tried without a jury, and judgment was rendered in favor of defendants that plaintiffs take nothing by their suit.

The first assignment of error presented in appellant's brief is as follows: "The court erred in overruling plaintiff's motion for a new trial as set out in said motion. The plaintiffs demanded an abstract of the titles of defendant Eliza Kempner and her warrantors, J. O. Ross and Ellen Ross. Eliza Kempner claimed through T. L. Ross, and T. L. Ross claims through J. O. Ross and Ellen B. Ross, and J. O. Ross and Ellen B. Ross claim from J. H. Burnett and H. O. Burnett, and all these transfers described the land as Turner Skidmore place and Turner Skidmore homestead, and same purchased by Nunn and Williams at sheriff's sale. Defendant Eliza Kempner files her abstract as above stated, and brings in her warrantors, J. O. Ross and Ellen B. Ross, and they file their abstract and describe the land as 204 acres of land on the South Orender, and give field notes, and was purchased at trustee sale, and not at sheriff's sale. This shows that J. H. Burnett and H. O.

Burnett, who conveyed to J. O. Ross and Ellen B. Ross, were mistaken as to the tract of land and their source of title."

The proposition under this assignment is as follows: "The statute provides that 'proof from a common source may be made by the plaintiff by certified copies of the defendant's deeds, showing his claim of title to the land emanating from and under a common source.'"

The statement supporting the assignment and proposition consists of copies of the abstracts of title filed by the several defendants, together with the field notes of the land sued for and the field notes of the land sold to the warrantors, Ellen B. and J. O. Ross, as shown by the abstract of title filed by them, and also a statement from the record to the effect that the appellants proved a valid judgment against J. T. Skidmore in favor of L. W. Cooper, and a sale under execution issued upon said judgment of a 160-acre tract of land upon which the J. T. or Turner Skidmore homestead was situate.

This assignment fails to point out the error complained of with sufficient certainty to require our consideration. We gather, however, from the argument following the assignment, that appellants' complaint is that the trial court erred in not holding that they had shown that defendants were claiming under a common source. There is nothing in the statement under the assignment tending to sustain this contention, and if the assignment should be considered it could not be sustained.

The next assignment assails the ruling of the trial court in excluding a sheriff's deed offered by appellants, on the ground that the land described in said deed is not the land involved in this suit.

This assignment contains statements taken from the testimony of the witness, intermingled with arguments of counsel, and is in such gross violation of the rules that it is not entitled to any consideration. We have, nevertheless, examined the record, and find that the court did not err in the matter complained of. The land sued for is described as a part of the Henry Orender survey. The sheriff's deed offered in evidence by appellants, and to which objection was sustained by the court, describes a tract of land thereby conveyed as the Henry Arender, or Arendei, Wortham survey. Appellants alleged in their petition that the name of the original survey, as it appears in this deed, was a mistake, and the land levied upon and sold, and intended to be conveyed by the sheriff, was the land in controversy. There was testimony tending to support this allegation, but we are not called upon to decide the question as to whether the facts alleged and proven were sufficient to render the deed admissible in evidence. Appellants were plaintiffs in the court below, and could only recover by showing title from the sovereignty of the soil, or a superior title from a common source. As before stated, no common source was shown, and no attempt was made to show title from the State. If it be conceded that the deed was admissible as against the objection made, it would not have shown any title in appellant, since none was shown in the defendant in the judgment under which the sale was made and the sheriff's deed executed.

The third assignment attempts to predicate error upon the failure of the trial court to hold that defendant Eliza Kempner was claiming under a common source. As stated in our discussion of this question under the first assignment, there is no evidence to sustain the contention

that plaintiff and defendant were claiming under a common source, and if the point was properly presented by the assignment it could not be sustained.

The fourth assignment complains of the action of the trial court in refusing to permit appellants to prove that they had paid taxes on the land for more than thirty years. There was no error in this ruling. Appellants did not plead title by limitation, and the fact that they had paid taxes on the land for any number of years was not material to any issue in the case. The fifth assignment assails the ruling of the court in refusing to allow appellants to show that the name Wortham, in the sheriff's deed before mentioned, was placed therein by mistake. For the reason stated under the second assignment, we think the matter here complained of, if error, was harmless.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*