GRIFFIN et al. v. RAY et al.

(Court of Civil Appeals of Texas. Feb. 2, 1911. Rehearing Denied March 9, 1911.)

1. TRESPASS TO TRY TITLE (§ 6*)—TITLE OF PLAINTIFF—SUFFICIENCY.

A plaintiff in a suit to try title must recover on the strength of his own title, and, where he fails to show title sufficient to recover as against a mere trespasser, it is not necessary to determine whether defendant has acquired title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–9; Dec. Dig. § 6.*]

2. TRESPASS TO TRY TITLE (§ 41*)—EVIDENCE OF TITLE.

A plaintiff in a suit to try title, who proved that the land had been surveyed for "Mary V." and that "John C." and "Mary C.," his wife, had conveyed the land to D., whose title plaintiff claimed, did not connect himself with the title of "Mary V."

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

3. TRESPASS TO TRY TITLE (§ 41*) — PRIOR POSSESSION OF PLAINTIFF—EVIDENCE.

A plaintiff in a suit to try title, who relied on possession prior to that of defendant, and who showed a purchase and a taking possession of a part of a survey, but did not show when or how he took possession, or that the land in controversy was included in such part, did

not show facts raising an issue of prior possession.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

4. APPEAL AND ERROR (§ 878*) — QUESTIONS REVIEWABLE — PARTY ENTITLED TO COMPLAIN.

A party who does not appeal from an adverse judgment against him may not on the appeal of another party complain of the judgment in so far as it is against him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573–3580; Dec. Dig. § 878.*]

Appeal from District Court, Gregg County; W. C. Buford, Judge.

Action by L. P. Griffin and others against N. T. Ray and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

F. B. Martin, for appellants. Lacy & Bramlette, for appellees.

WILLSON, C. J. Appellants were the plaintiffs below. Their suit was against Ray to try the title to two-thirds of an acre of land alleged to be a part of the Mary Van Winkle survey in Gregg county. Ray's answer was a plea of "not guilty" and pleas setting up the 5 and 10 year statute of limitations as a bar to the suit. Being of the opinion that appellants had failed to show title in themselves to the land "from and under the sovereignty of the soil by a regular chain of transfers," and that it conclusively appeared from the evidence that Ray had acquired title thereto by operation of the 10-year statute of limitations, the trial court peremptorily instructed the jury to find in Ray's favor. On this appeal appellants insist: (1) That they did show such a title in themselves; (2) that, if it did not appear that the title they asserted emanated from the state, they had shown a title superior to that of Ray from a common source; (3) that, if they had failed to show title in themselves either from the state or a common source, they nevertheless were entitled to recover the land, because it appeared that Ray was a trespasser thereon, and that they had possession thereof prior to the time he acquired possession of it; and (4) that it did not conclusively appear from the evidence that Ray had acquired title under the statute of limitations.

As appellants must have recovered, if at all, upon the strength of their own and not upon the weakness of Ray's title, it is not necessary, if the conclusion of the trial court that they had failed to show title in themselves was a correct one, to determine whether his other conclusion, that the testimony conclusively established that Ray had acquired title by operation of the statute of limitations, was a correct one or not. It clearly appears from the record before us that appellants utterly failed to show that the title in the state had passed from it. The evidence relied upon to show this was field notes of a survey of the land made for Mary Van Winkle in 1840, "by virtue," it is recited in said field notes, "of certificate No. 448, issued by the board of land commissioners of Nacogdoches county." The certificate by virtue of which the survey purported to have been made was not offered as evidence, nor was it shown that the land as surveyed had ever been patented by the state. It was not even shown that the field notes had ever been returned to and filed in the General Land Office.

If, however, the mere fact that the land had been surveyed for Mary Van Winkle could be held to be evidence that the title in the state had passed to her, appellants still should be held to have failed to show title in themselves from the state, because they failed to connect themselves with the title so passing to Mary Van Winkle. They proved that John Chism and his wife, Mary Chism, in 1856 conveyed the land to Uriah Dunn, whose title they claimed, and insist that it should be presumed that Mary Van Winkle and Mary Chism were one and the same person. Of course, such a presumption cannot be indulged. There was no pretense in the evidence that the parties claimed title to the land from a common source. The only evidence of possession by appellants of the land prior to that of Ray was the testimony of appellant Griffin that he and his coappellants in 1909 purchased of Thos. R. White, Jr., and John J. Phelps 52.18 acres of the Mary Van Winkle survey, and took possession of same. When they took possession, nor how, was not shown. Moreover, the two-thirds of an acre in controversy was not shown to be a part of the 52.18 acres of which Griffin testified appellants took possession. The only description in the record of said 52.18 acres is as follows: "52.18 acres of land of the Mary Van Winkle survey in the town of Kilgore, Gregg county, Texas." This testimony, we think, was not sufficient to make an issue as to whether appellants were entitled to recover because their possession was prior to that of Ray's or not. To have made such an issue, there must have been testimony tending to show that appellants' possession was of the very land in controversy, that it was actual, and that it was prior in point of time to the possession thereof by Ray. Lynn v. Burnett, 34 Tex. Civ. App. 335, 79 S. W. 66; Soape v. Doss, 18 Tex. Civ. App. 649, 45 S. W. 388. It plainly appearing, as shown, that appellants failed to prove that they had such a title as entitled them to recover even as against a mere trespasser, Ray was not called upon to show title in himself to the land. It is therefore unnecessary to determine whether it appeared that he had acquired

title or not. The judgment obviously, so far as it is in his favor, is not erroneous.

Thos. R. White, Jr., and John J. Phelps, who conveyed the 52.18-acre tract above mentioned to appellants, after the commencement of the suit were made parties to same, and a recovery in appellants' favor against them in the sum of $100, presumably on account of a claim of a warranty by them to appellants of the title to the land, was adjudged. As White and Phelps did not appeal, and therefore are not in the attitude of complaining of the judgment in so far as it is against them, it will not be disturbed.

The judgment is affirmed.