## GARRETT v. HUNT.　(Nos. 798–4458.)

(Commission of Appeals of Texas, Section A.
May 12, 1926.)

**I. Trial ☞139(I).**

Court should instruct verdict, though there be slight testimony to contrary, if its probative force be so weak that it only raises mere surmise or suspicion of facts sought to be established.

**2. Evidence ☞595.**

To be valid, inference from evidence must be reasonable.

**3. Evidence ☞595.**

An inference, to be indulged, must be based on facts in evidence and not upon other inferences.

**4. Gifts ☞4.**

To constitute gift inter vivos, there must be delivery of possession of subject-matter of gift by donor to donee and purpose to vest ownership unconditionally and immediately.

**5. Gifts ☞49(6)—Evidence held to support inferences that deceased delivered key to box containing securities to one claiming gift inter vivos.**

In attempting to establish a gift inter vivos to securities in tin box in possession of another, evidence held to support reasonable inference that key to box was delivered by deceased to claimant.

**6. Gifts ☞49(6)—Evidence held insufficient to show, or support reasonable inference, of completed gift inter vivos.**

Evidence held insufficient to show, or support reasonable inference, of completed gift inter vivos of securities in tin box to one who became the unexplained possessor of the key thereto in a room where owner was disrobing to undergo operation proving fatal.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Flournoy & Smith, Leroy A. Smith, and W. W. Blume, all of Fort Worth, for plaintiff in error.

Ocie Speer, of Austin, for defendant in error.

HARVEY, P. J. This suit was filed by the plaintiff in error, Rufus S. Garrett, as administrator of the estate of G. W. Hunt, deceased, in the district court of Tarrant county, against W. W. Hunt, defendant in error, to recover the possession of certain securities and written evidence of debt of the value of $30,000; the plaintiff in error alleging that same belonged to the estate of G. W. Hunt, deceased, and were wrongfully withheld by the defendant. The plaintiff likewise sued in the same action to recover a personal judgment against the defendant upon a certain promissory note for $3,000 alleged to represent an indebtedness by the said W. W. Hunt to the estate.

G. W. Hunt died on April 14, 1923, at Braswell's Sanitarium in Fort Worth, as a result of an operation. He left a will which was admitted to probate in Tarrant county, by which he disposed of his property as follows: One-half in trust for his nephew, George Edward Hunt, a lad 16 years of age, an orphan living with his mother at Adairville, Ky.; the remainder was left to various nephews and nieces in Kentucky, and to his brother, B. W. Hunt, in California, and $1,000 to defendant, W. W. Hunt, who was also a brother of the deceased. None of them lived in Texas except defendant, W. W. Hunt.

G. W. Hunt's property consisted principally of revenue-bearing building and loan stock, and interest-bearing notes, which he kept in a locked tin box in the safe of his friend, J. N. Winters, in Fort Worth. His only other property was notes for the face amount of $5,500; which notes were in Tennessee at the time of his death, and against which were offsets in favor of the maker of said notes.

In the morning of the 11th day of April, A. D. 1923, G. W. Hunt went to the sanitarium for the purpose of undergoing a serious operation. Mr. and Mrs. W. W. Hunt accompanied him. Upon arriving at the sanitarium all three of them went into the office of the

sanitarium, and G. W. Hunt there took from his pocket his watch, bank book, and other personal effects, the exact nature of which is not disclosed by the evidence, and, placing them in an envelope, he sealed the envelope and delivered it to an attaché of the sanitarium, who was in charge of the office, for safekeeping. There is no direct evidence that G. W. Hunt had on his person the key to the above-mentioned tin box when he went to the sanitarium. ; After delivery of the above-mentioned sealed envelope to the person in charge of the office, as above stated, G. W. Hunt, accompanied by Mr. and Mrs. W. W. Hunt, went to another room in the sanitarium, which had been assigned to him, for the purpose of disrobing preparatory to undergoing the operation. While said three last-named persons, and none other, were in such last-mentioned room, and before G. W. Hunt went upon the operating table, W. W. Hunt came into possession of the key to said tin box in a manner not explained by positive or direct evidence. He did not get such possession of the key from his wife, Mrs. W. W. Hunt, the latter never having had the key in her possession. Afterwards, on the same day, the operation was performed on G. W. Hunt, and he died three days thereafter. On the day that G. W. Hunt died, and after his death W. W. Hunt got possession of said tin box from its custodian, Mr. Winters, with the papers and securities therein, and in this suit claims to own same by virtue of a parol gift inter vivos by the deceased, G. W. Hunt, to him of the entire contents of the box, made in the room at the sanitarium on April 11, 1923, where G. W. Hunt disrobed preparatory to undergoing the operation, as above set out. He also claims, in answer to the suit on the $3,000 note, that about a week before the death of G. W. Hunt the latter tore up the note in his presence and declared it paid.

The case was tried before a jury, and after all the evidence was in the trial court instructed the jury peremptorily to return a verdict for the plaintiff, the administrator, for the securities contained in the tin box, and for the defendant as to the $3,000 note sued on. The jury returned verdict in accordance with said instructions, and judgment was rendered accordingly. From such judgment the defendant in error, W. W. Hunt, appealed to the Court of Civil Appeals, which court reversed the said judgment in so far as it related to the contents of the tin box, but left that part of the judgment which related to the $3,000 note undisturbed. 275 S. W. 96.

The testimony in the case is fully set out in the opinion rendered by the Court of Civil Appeals, and we do not deem it necessary to repeat it here. In addition to the statement of the case, as we have already made, we deem it sufficient for present purposes to adopt a statement which we find in the petition in error herein, and which gives a fairly correct general statement of the facts in evidence pertaining to the alleged gift of the contents of the tin box, to wit:

"G. W. Hunt, an octogenarian, died leaving $30,000 in securities in a small tin box deposited with J. N. Winters, and about $5,000 in value in notes in Tennessee, leaving no other estate. His will dated March 19, 1919, gave one-half of the estate in trust for a nephew, a lad about 16 years of age, to whom he was greatly attached and whom he desired to educate; $1,000 to his brother, W. W. Hunt, defendant in error, with whom he had lived about three years prior to his death; and balance to other relatives. G. W. Hunt was on good terms with appellant and wife, they having been good to him and having built a special room for him and cared for him, finally taking him to hospital for an operation which proved to be fatal. He spoke kindly of defendant in error, and of the excellent treatment received from defendant in error and wife. A witness stated that G. W. Hunt always spoke very highly of his brother, 'in fact I think he said he was the only one of his folks that he could live with and get along with them.' He rendered financial assistance to defendant in error, and always spoke in highest terms of defendant in error and his wife, and spoke often of enjoying himself while visiting them. How much board he paid does not appear. He stated he wished to return to Nashville to change some papers. In December, 1922, he asked loan association if they would accept trust of his money for his nieces and nephews, and to another witness expressed himself as intending his money for his minor heirs.

"Defendant in error came into possession of the key to above tin box on April 11, 1923, at Braswell's Sanitarium, in the front room downstairs, after leaving the office, defendant in error, his wife, and G. W. Hunt being the only persons present at the time. Defendant in error's wife did not give him the key. At the office, before going to the front room downstairs, G. W. Hunt placed a watch, a bank book and other valuables in an envelope and gave it to Dr. Roberts for safe-keeping. Three days later G. W. Hunt died, and on that day defendant in error obtained the box from J. N. Winters, and retained possession of key and box until deposited by agreement in bank to await outcome of litigation. At request of executor named in will, W. W. Hunt willingly and cheerfully produced tin box to permit executor to list contents. Two-thirds of the estate consisted in shares in local association, which still stood in the name of G. W. Hunt at time of trial. Several witnesses testified that W. W. Hunt's reputation for honesty and fair dealing was good. There is no other evidence in the record bearing on the subject."

[1] The plaintiff in error argues with great force and plausibility that, since the decisions declare that a gift inter vivos which is not asserted till after the death of the alleged donor must be established by "clear, explicit, and convincing evidence," it devolves upon the court to determine, as a matter of law, if this kind of evidence is in the record. The question is an interesting one, but we do not find it necessary to express our opinion thereon, or to apply such a test to the evidence here. For we are of opinion that an

application of the test which is ordinarily applied in determining the propriety of instructing a verdict in civil cases will solve the question involved here. That test is to the effect that:

"It is the duty of the court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the fact sought to be established."

For in such a case the law presumes that the jury could not reasonably infer the existence of the alleged fact, and that there is no room for ordinary minds to differ as to the conclusion to be drawn from such evidence. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

[2-6] The alleged gift inter vivos is the ultimate fact sought to be established here. And in testing the evidence by the rule which we have adopted, all legitimate inferences may be indulged. But no inference is valid unless it be a reasonable one. Nor can an inference be indulged unless it be based upon facts in evidence and not upon other inferences. Among the concurring facts necessary to be established in order to constitute the gift inter vivos as alleged here are two which we shall notice: One, a delivery of possession of the subject-matter of the gift by the donor to the donee; the other, a purpose on the part of the donor to vest in the donee, unconditionally and immediately, the ownership of the property delivered. In this case the delivery is alleged to have been made by a delivery of the key to the box, which symbolized the box and its contents. There is no positive evidence of a voluntary delivery of the key to W. W. Hunt by G. W. Hunt, but such fact may be reasonably inferred from facts and circumstances in evidence here. A reasonable inference may be drawn that the key was so delivered in the room where G. W. Hunt disrobed preparatory to the operation. But an inference that the purpose of G. W. Hunt in making the delivery thus inferred was to immediately invest his brother with unconditional ownership of the property symbolized by said key must rest, partly at least, upon the inference that such a delivery of the key was made. For with the inferred fact of such delivery eliminated from consideration, scant room is left for conjecture that G. W. Hunt purposed to make an unconditional, executed gift of the contents of the box to his brother. But were the fact of voluntary delivery directly established by positive evidence, little probative force would thereby be added to the evidence before us. Even were such the case, the improbability of an executed gift still would be manifest from the facts and circumstances shown in evidence. From such facts and circumstances no reasonable inference could be drawn to the effect that G. W. Hunt intended to divest himself of ownership of his property.

We are of opinion that the evidence offered in support of the alleged gift falls short of the degree of probative force required to raise such issue, and that the trial court properly instructed a verdict thereon in favor of the defendant in error.

We do not desire to be understood as holding that any inferences but necessary ones may form a legal basis for any fact essential to the establishment of a gift inter vivos or causa mortis. A determination of that question is not necessary to a proper disposition of this case, and we express no opinion thereon.

The plaintiff in error complains also of the failure of the Court of Civil Appeals to consider his cross-assignments of error, directed to that portion of the judgment of the trial court which denies him a recovery on the notes alleged to have been executed by W. W. Hunt. We have carefully considered his contention, and have concluded that the holding of the Court of Civil Appeals relative to such cross-assignments of error is correct, and that that court properly refused to consider such cross-assignments of error for the reasons stated by that court.

We therefore recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.