## LEWIS et al. v. FRIEDEN.

### No. 8872.

Court of Civil Appeals of Texas. Austin.

Dec. 30, 1939.

Jesse J. Bartlett, of Austin, for plaintiffs in error.

W. R. Smith, Jr., of Austin, for defendant in error.

McCLENDON, Chief Justice.

This suit originated in the justice court, was appealed to the county court, thence to this court. It was brought by Frieden against Imo Lewis and Mrs. Hazelwood upon an alleged note for $337.50, dated January 13, 1936, payable in installments of $15 per month, and to foreclose an alleged chattel mortgage on certain itemized beauty parlor equipment articles, including one heater machine bearing serial No. 3356. The balance due on the note and mortgage was alleged to be $150 plus interest and attorney's fees. Neither rate of interest nor amount of attorney's fees, however, was stated. Possession also was sought of "one Cavalier P. W. machine, 18 Crog heaters, 18 Spiral heaters, Rods, Spacers, etc." Defendants plead payment of the obligation. The judgment was in favor of plaintiff against defendants for $200, with 6% interest from date (July 27, 1938), for foreclosure of mortgage upon the above Cavalier heater, and for title and for possession of the No. 3356 heater and other articles enumerated in the alleged January 13, 1936, mortgage. Defendants have appealed by writ of error, and challenge the judgment on the grounds: (1) that there was no evidence of any note or mortgage; (2) that the obligation of January 13, 1936, was paid in full; (3) that there was no basis in the evidence for the judgment for $200.

The undisputed evidence shows the following: January 13, 1936, plaintiff sold to defendants the articles above enumerated for specified sums aggregating (less admitted cash credits) $332. The No. 3356 heater was listed at $150. The sale was evidenced by a signed order. There was no evidence of agreement to execute a note or mortgage, but the order stated: "Bal. payable in 12 notes @ $19.25 ec. or if cash is paid less 1% on $319.00 $31.00." The $332 was made up of the above $319 plus "12 mth. C. ch." of $21. The No. 3356 heater was not satisfactory and a $175 heater was later substituted. This also proved unsatisfactory, and on April 14, 1936, the January 13, 1936, order was cancelled by payment of the balance of $192.50 then owing; such payment consisting of return of the No. 3356 heater at $150, and the cash payment of $42.50. At the same time a purchase order was executed by defendants which read:

"1 Cavalier P. W. machine 18 Crog heaters, 18 Spiral heaters, Rods, spacers, etc. ................... $200.00
By cash with order (to be mailed in) ......................... 100.00
12 mth Car. Chg............... 10.00
                                                    ———
                                                 $110.00

Bal. 12 notes
    11—9.16
    1—9.24
Separate Contract. Hold."

The only controversy in the evidence was whether the sale of the Cavalier machine and cancellation of the January 13, 1936, agreement were conditional upon the cash payment (to be mailed in) of $100. Plaintiff's evidence was to the effect that the sale and cancellation were so conditional; and the suit was manifestly predicated upon that theory. Accepting that theory, the only basis for a judgment against defendants was the balance ($150) due on the January 13, 1936, agreement, and recovery

of the title and possession of the Cavalier machine, for which the suit was brought as evidenced by the pleadings of plaintiff. The judgment recites that the Cavalier ($200) machine was substituted for the No. 3356 ($150) machine, and judgment was rendered for $200 and foreclosure of a chattel mortgage on the Cavalier machine. We find no basis in the evidence for this judgment. According to plaintiff's evidence the January 13, 1936, agreement was cancelled and the sale of the Cavalier machine substituted upon condition that the $100 were paid, which was admittedly not done. He was therefore put to an election, based upon his own evidence, whether he would waive non-compliance with the condition and sue on the April 14, 1936, agreement, or disregard the latter (conditional) agreement on account of the non-compliance and sue upon the prior (January 13, 1936) agreement and for title and possession of the Cavalier machine. He chose the latter, and only the latter.

The record affords no basis for a judgment for $200, nor for foreclosure of a lien upon the Cavalier heater, nor for the decree of title to the No. 3356 heater.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.