**JONES et al. v. LOCKHART et al.**

No. 14123.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 18, 1940.

Rehearing Denied Nov. 15, 1940.

W. E. Jones, of Longview, for plaintiff in error.

Hurst, Leak & Burke, of Longview, for appellee A. A. Lockhart.

Harvey P. Shead, of Longview, for appellees Allen heirs.

Hatchell & Hatchell, of Longview, for appellee Charlie Haynes.

SPEER, Justice.

D. H. Jones and The Bank of Teneha, unincorporated (a copartnership), and the owners of said Bank and copartnership, D. DuBose, J. T. Peddy, S. B. Bell, Luke Motley, George W. Duke, J. P. James, H. P. Parkman, J. R. Weir, E. S. Hicks, H. C. Parker, A. C. Hargraves, J. S. Baldwin, J. N. Parker and Stanton DuBose, collectively and individually, instituted this suit in usual form of trespass to try title against A. A. Lockhart and fifteen others, to recover title to a tract or lot of land in the City of Longview, Gregg County, Texas. The description given in

the pleading indicates that the lot is approximately 185 feet by 266 feet, save and except (as stated in the petition): "That part of said tract now being occupied by the Jerusalem Colored Baptist Church, by its Sunday School room and by its toilet, being about 50 feet off of the south end of the part of this land west of the street."

The defendants filed pleas in abatement and bar, and subject thereto filed general denials, pleas of not guilty and special defenses. The pleas in abatement and bar. were heard by the court and, after hearing and considering the testimony offered, were sustained and plaintiffs' suit was dismissed. From this judgment one of the plaintiffs, D. H. Jones, has perfected an appeal by writ of error to the Sixth Supreme Judicial District, and under an equalization order by the Supreme Court, is before us for review. We shall refer to D. H. Jones, plaintiff in error here, as plaintiff, as he appeared in the trial court, and to defendants in error as defendants, as they were designated below. In the petition for writ of error, plaintiff D. H. Jones is joined by W. E. Jones and the two prosecute the appeal. We shall refer to this later in this opinion.

The plea in abatement and bar urged by defendants and sustained by the court, presented these points: (a) One of the plaintiffs in this case, The Bank of Teneha, unincorporated, a copartnership, did not exist at the time suit was instituted, having been dissolved and discontinued since the latter part of 1909 or early in 1910; that it was succeeded by The First State Bank of Teneha in 1910; (b) C. S. and Addie M. McKinley sold and conveyed the land in controversy to Luke Motley, cashier of The Bank of Teneha (unincorporated) March 17th, 1909; (c) Luke Motley and others, as sole owners of The Bank of Teneha, conveyed to George T. Reynolds and Miss Alice Reynolds, by deed dated October 28th, 1909; (d) the independent executor of George T. Reynolds and all of his heirs (naming them) and the independent executor of the estate of Agnes Alice Reynolds, deceased, by deed dated July 6, 1937, conveyed the property to W. E. Jones; (e) W. E. Jones filed suit in the District Court of Gregg County against defendants, in cause No. 11,304C, to recover the land here in controversy; that on November 15, 1937, judgment was entered denying recovery by the plaintiff W.

E. Jones, and awarding title to certain defendants on their cross-action therefor; that appeal was taken by W. E. Jones to the Texarkana Court of Civil Appeals, in which court the judgment so entered below was affirmed on certificate May 26, 1938, and the mandate duly returned to the trial court; (f) W. E. Jones conveyed by his deed dated May 12th, 1938, the land to D. H. Jones, and (g) Luke Motley and The First State Bank of Teneha, Incorporated, quitclaimed unto D. H. Jones all interest they may have in the tract of land, under date June 14, 1938. Further alleging in said pleas that The Bank of Teneha, unincorporated, instituted the instant suit against defendants to recover the identical land which was in controversy in cause No. 11,304C; that defendant A. A. Lockhart is the owner of the land both by mesne conveyances and the judgment aforesaid; that because plaintiff The Bank of Teneha, unincorporated, had conveyed the land as aforesaid, in 1909, and that plaintiff D. H. Jones' alleged title was deraigned from W. E. Jones, subsequent to the failure of the latter to recover judgment for title to the land in said cause No. 11,304C, wherein the title was awarded to A. A. Lockhart, both plaintiffs are estopped and barred from prosecuting this suit and attempting to acquire the title to the tract of land.

Testimony was heard by the court when the pleas came on for hearing. We have searched the testimony carefully and find that the facts are apparently undisputed, as alleged by defendants in the pleas. At the instance of plaintiffs the 450-page volume of testimony taken in cause No. 11,304C was introduced in evidence in this case, but as we view this appeal there is only one point urged by plaintiff here that can be gleaned from it all. That is, when cause No. 11,304C was tried, it is contended that plaintiff in that case, W. E. Jones, failed to recover because the court refused to admit in evidence a deed from Luke Motley et al. to George T. Reynolds and Alice Reynolds, of date October 28, 1909, which was a link in the chain of title claimed by that plaintiff; and upon the trial of the instant case, the court admitted it in evidence, with the result that plaintiff D. H. Jones could not recover in this case, since he acquired no title from W. E. Jones under the deed of May 12, 1938.

Plaintiff's first proposition, which we are considering as an assignment of error,

428

complains of the action of the court in admitting the deed in evidence because, he says: "Defendants were estopped from claiming any benefits under this deed and the court could not consistently consider this deed in their behalf, since it was these same defendants who objected to the same deed and this same court who sustained them in the case to which they now refer (cause No. 11,304C)."

The statement of facts prepared in the cause number last referred to discloses that the deed was excluded from evidence by the court when offered by W. E. Jones, and the record shows that it was admitted upon the hearing 'on the pleas in this case. Why it was rejected in the trial of another case, the judgment in which has become final by an affirmance of the Court of Civil Appeals, and the mandate returned to the District Court, cannot be reviewed by us now. To do so would present an anomalous situation resulting in a condition contrary to our well established rules of jurisprudence. See Paschall et al. v. Renshaw et al., Tex.Civ. App. 142 S.W.2d 717, and State v. Savage et al., 105 Tex. 467, 151 S.W. 530. Clearly, under the pleadings in this case, the deed was admissible in evidence to show the title was in another and not in either of the plaintiffs, D. H. Jones or The Bank of Teneha, unincorporated. To grant, for the argument, that the instrument was improperly rejected in the first suit, a thing we do not decide, would avail plaintiffs nothing in this case. It is argued by plaintiff D. H. Jones, who alone has appealed in this case, that because these same defendants, upon objection, induced the court in the other case to exclude the deed, they are now estopped to contend it admissible in this case. We think the reason assigned is untenable; there are many reasons which occur to us that would have justified its exclusion when offered in cause No. 11,-304C that may not have existed when offered upon this trial. The court may not have excluded it for any of those reasons, but of this we have no concern here.

By his second proposition, complaint is made by plaintiff that the court erroneously admitted in evidence the deed from May B. Reynolds et al. to W. E. Jones; this deed is referred to above by us as being dated July 6, 1937. The reason assigned for the acts complained of is: "Because it (the deed) is no part of defendant's chain of title which was cut off for the benefit of these defendants in cause No. 11,304C and cannot now be used in their behalf." If we properly understand plaintiffs' contention presented by the proposition under consideration, it is to the effect that defendants could not offer in evidence an instrument that would defeat or break the chain of title relied upon by plaintiffs unless that instrument added to or strengthened the chain of their own title. If we are correct in this understanding, we think the contention of plaintiffs unsound.

In trespass to try title cases, such as this, the plaintiff must recover, if at all, on the strength of his own title and not upon the failure of title in those charged with holding the land; when plaintiff cannot establish his own superior title, the defendant in possession is entitled to a judgment awarding title to him. 41 Tex. Jur., sect. 33, pp. 497–499. The effect of defendants' pleas in abatement and bar in this case was to assume the burden upon a hearing of the plea, of establishing the fact plaintiffs had no title. The deed complained of as having been admitted in evidence at the hearing placed title in W. E. Jones and not in plaintiff D. H. Jones. The instrument tended to show plaintiff had no title and to that extent discharged the burden assumed by defendants by their pleas in bar. The point here discussed is analogous in some respects to the point involved in Tate v. Johnson, Tex.Civ.App., 140 S.W.2d 288, writ dismissed, judgment correct.

Third proposition presented in plaintiffs' brief, which we are asked to consider as an assignment of error, reads in part: "The court erred in admitting each of these instruments from cause No. 11,304C and No. 10,600C:" (Here follow ten separate and distinct instruments and documents.) The rule prescribed by Article 1844, Vernon's Ann.Civ.St., requires that all assignments of error shall distinctly specify the grounds of error relied upon by a party. We are unwilling to further tax the elasticity of the liberal interpretation given by us to the two preceding assignments, by a consideration of the last point mentioned.

Fourth, fifth and sixth propositions are similar to numbers one and two above discussed. It would unnecessarily extend this opinion to notice them in detail, but what has been said disposes of them against the contention of plaintiffs.

Propositions 8 to 15, inclusive, complain of errors committed by the trial court in cause No. 11,304C which we have mentioned as being the case finally disposed of by an affirmance by the Court of Civil Appeals and it is not for us to express an opinion upon whether or not that case was properly tried and disposed of.

We presume that the points raised in the propositions last referred to were included in plaintiffs' brief upon the theory that W. E. Jones (not the plaintiff in the case at bar) who joined plaintiff in this case in his petition for writ of error, should have been permitted by the trial court to intervene in this case and prosecute his Bill of Review in cause No. 11,304C.

The above statement is made by us, since in the transcript we find a pleading by plaintiffs denominated by them "Plaintiffs' Answer to various Motions of the Defendants". The pleading covers eight pages and in it we find an allegation or assertion that W. E. Jones had, at a previous date, filed and prosecuted a trespass to try title suit against the defendants in the present case, seeking to recover the land in controversy, and failed therein because the court upon the trial refused to permit certain deeds of conveyance to be introduced in evidence; that if the court should now admit in evidence the deed that was rejected in the other case, W. E. Jones, plaintiff in that case, should be permitted either to intervene in the present case and establish his rights or be permitted to prepare and have heard his Bill of Review in the other case. We know of no rule in our procedure which would warrant the filing of a Bill of Review under such conditions, even if W. E. Jones had asked it; but much less reason exists for complaint when he made no such request. We cannot imagine a condition that would give a precedent for such a procedure. We can see no error in the acts of the trial court in taking no cognizance of the request by plaintiff D. H. Jones that W. E. Jones be permitted to intervene in the case or to permit him to file a Bill of Review in the other case. In fact, the record does not reflect that such request was ever acted upon by the court unless it could be said that the judgment sustaining the pleas in abatement and bar had the effect to deny the request even though it was not mentioned in the order. The equitable Bill of Review, such as would apply to the situation here, would not be available in this case to review what had taken place in cause No. 11,304C. See 17 Tex.Jur., sects. 24, 25 and 26, pp. 26, 27 and 28. For the reasons shown, we decline to consider the propositions 8 to 15, admittedly applicable alone to proceedings had in cause No. 11,-304C in the District Court of Gregg County.

There is no reversible error presented by this record; all assignments of error and propositions are overruled, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

In plaintiffs' motion for rehearing, our attention is called to an expression used by us in the original opinion, which they claim is not supported by the record. We said, in effect, that plaintiff D. H. Jones was complaining, in this appeal, because the trial court declined to permit W. E. Jones to intervene.

In the motion we are cited to what purports to be a proposed plea of intervention and bill of review by W. E. Jones in the statement of facts. The document found its way into that part of the record as a part of a bill of exception. Upon the trial D. H. Jones tendered in evidence certain instruments and documents which, upon objection, were excluded by the court; the nature of these instruments is not material.

After the court had announced from the bench that he had sustained defendants' plea in bar, counsel for D. H. Jones (shown by the record to be W. E. Jones) announced to the court that he had prepared and was ready to ask leave and file a plea in intervention for W. E. Jones in form of a bill of review in cause No. 11,304C, in behalf of D. H. Jones and W. E. Jones. By an oral ruling, the court denied plaintiff the right to file the plea in intervention, to which he excepted and included the proposed plea in his bill of exception. We make this explanation in the interest of clarity, since in the manner mentioned the record does show that W. E. Jones (counsel for D. H. Jones) did propose and asked leave to file his plea of intervention and bill of review, the latter pertaining exclusively to cause No. 11,304C.

We have been unable to find any authority or precedent in any case decided in this State, which will support plaintiffs' contention here made.

With the foregoing explanation, the motion for rehearing is overruled.