### LINDLEY v. MOWELL.

No. 2784.

Court of Civil Appeals of Texas. Eastland.

April 7, 1950.

Rehearing Denied July 28, 1950.

Fred O. Jaye, Frederick G. Harmon, De Leon, for appellant.

Brooks, Duke, Templeton & Brooks, Abilene, for appellee.

COLLINGS, Justice.

This is a trespass to try title suit filed by appellee J. M. Mowell against appellant G. D. Lindley on April 2, 1949. Appellant entered a plea of "not guilty" and further expressly pleaded the three, five and ten year statutes of limitation, Vernon's Ann. Civ.St. arts. 5507, 5509, 5510, alleging that he had purchased the land in question under foreclosure of a tax lien. Upon a trial before the court without a jury, judgment was entered for appellee Mowell for title and possession of the premises and G. D. Lindley brings this appeal.

Appellee Mowell offered in evidence a deed dated April 3, 1915 by which A. E. Hampton and wife conveyed to him the title to the land in question. Such deed recited a consideration of $2,500.00 of which $650.00 was in cash, $850.00 was evidenced by five vendor's lien notes and the balance of the purchase price was the assumption of $1,000.00 indebtedness evidenced by five promissory notes executed by R. B Kidd and wife to the Land Mortgage Bank of Texas and secured by a deed of trust executed by Kidd and wife to W T. Humble, Trustee. The five vendor's lien notes in the total sum of $850.00 executed by appellee Mowell as a part of the consideration for the above conveyance were due on December 1, 1916, 1917, 1918, 1919 and 1920, respectively.

The court found that since the date of maturity of the last notes mentioned in said deed, more than twenty-nine years had elapsed and concluded as a matter of law that it would be presumed that said notes were paid at the time of the institution of this suit.

Appellee introduced a judgment of the District Court of Comanche County, Texas dated November 23, 1942, in favor of the State of Texas against Hughes & O'Rourke Construction Company for taxes in the sum of $544.31, for costs and for foreclosure of a tax lien upon the property in question and further introduced a deed by a Constable of Comanche County, Texas to G. D. Lindley dated January 7, 1943, reciting a consideration of $925.00 and purporting to convey the land in question under, by virtue of, and in satisfaction of the above mentioned tax judgment. Appellant also introduced the judgment and tax deed and claimed title under such deed and under the five year statute of limitation.

The court found that appellant Lindley waived the three and ten year statutes of limitation and further found that, in any event, appellant's plea of ten year limitation was not tenable because he, by his own admission, took possession of the property in 1943 which is less than ten years from the filing of this suit.

The court further found that suit was filed on April 2, 1949 at a time less than five years after the expiration of the tax redemption period of two years from the date of the tax deed and the date of its registration, and was, therefore, filed less than five years after the two year right of redemption had expired. The court concluded as a matter of law that possession of land under a tax deed is not adverse to the owner during the two years in which the land may be redeemed and that limitation does not run during that time, and further concluded that appellant's plea of the five year statute of limitation had not ripened at the time of the filing of this suit on April 2, 1949.

The court found, as a matter of law, that the warranty deed from A. E. Hampton and wife to appellee Mowell on April 3, 1915, conveyed a fee simple title to said lands and further found that since appellant Lindley expressly pleaded his title under the tax deed and plea of limitation which, under the evidence, cannot stand, and submitted no competent evidence rebutting appellee's title, that appellee was not required to go back to the sovereignty of the soil to show any better title, and that by reason of appellee's title to the property under the Hampton deed he was entitled to recover.

Appellant complains in several points of the weakness of the title proved by appellee Mowell, contending that appellee failed to prove either title under a common source or a chain of title connected with the sovereignty of the soil, and that having so failed, the court erred in entering judgment for him.

■ We cannot agree with appellee's contention that appellant, by expressly pleading the five and three year statutes of limitation based upon possession under the tax deed in question, thereby shifted the burden to himself to prove his title and relieved appellee of the burden of proof. Such pleas were alternative to appellant's plea of "not guilty," and did not deprive appellant of the right to rely upon a plea of "not guilty" to the extent of requiring appellee to prove his own title. Appellant's pleas of limitation, based upon the tax deed, defined the extent of his defense but did not relieve appellee as plaintiff of the burden of establishing a prima facie right to the property. Tate v. Johnson, Tex.Civ.App., 140 S.W.2d 288; Shields v. Hunt, 45 Tex. 424; Custard v. Musgrove, 47 Tex. 217; Garrison v. Richards, Tex.Civ.App., 107 S.W. 861.

■ The evidence shows that appellant had been in possession of the property for about seven years, holding and claiming said property under the tax deed. One in possession is considered to be the owner until the contrary is proved. Hughes v. Lane, 6 Tex. 289; Linthicum v. March, 37 Tex. 349; Permian Basin Oil Company v. Smith, 129 Tex. 413, 107 S.W.2d 564, 569, 111 A.L.R. 1152.

■ Appellee was not entitled to recover on the weakness of appellant's title but had the burden of establishing his own title by a preponderance of the evidence. Hovel v. Kaufman, Tex.Com.App., 280 S. W. 185; Lewis v. Frieden, Tex.Civ.App., 135 S.W.2d 284; Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218; Jones v. Lockhart, Tex.Civ.App., 144 S.W.2d 426; Niendorff v. Wood, Tex.Civ. App., 149 S.W.2d 161; Griffin v. Ray, Tex. Civ.App., 135 S.W. 248; Houston Oil Co. v. Miller & Vidor Lumber Co., Tex.Civ. App., 178 S.W. 830; Moore v. Kempner, 41 Tex.Civ.App. 86, 91 S.W. 336; Staley v. King Bank & Mercantile Co., Tex.Civ. App., 144 S.W. 308.

■ In order to make a prima facie case of title, it was necessary for appellee to show (1) a connected title from the sovereignty of the soil down to himself; or, (2) emanation of his title from the source from which the appellant claims; or, (3) possession of the property at a time antedating the defendant's possession thereof; or, (4) title by limitation. 41 Tex.Jur., page 500.

Appellee did not plead title by limitation and the evidence conclusively shows that he did not have the type of prior possession necessary to serve as a basis for recovery. He makes no claim to have proved a chain of title from the sovereignty of the soil down to himself; neither did he prove a common source of title. Appellee's title is proved only by the deed from the Hamptons and there is no showing of any connection between the Hamptons and the title claimed by appellant. Appellant's claim is founded on pleas of limitation and on the tax deed and judgment which indicated that Hughes & O'Rourke Construction Company was the owner and purported to convey such company's interest in the land. The record does not connect such company with the Hamptons and, therefore, does not show a common source of title.

For the reasons stated, it is our opinion that appellee failed to establish his title by a preponderance of the evidence and the judgment in his favor cannot stand. Since the case does not appear to have been fully developed, the judgment of the trial court is reversed and the cause is remanded for another trial.

On Motion for Rehearing

■ Appellee's motion for rehearing presents ably and forcibly his contention that we erred in reversing and remanding this cause. In view of the matters urged, we will discuss more fully some of the points in our original opinion. It is urged by appellee that the court erred in reversing the cause on the theory that the tax deed in evidence shows some kind of title in appellant, when the evidence shows conclusively that such tax deed was invalid because there was no evidence of an execution or order of sale having been issued. It is true, as urged by appellee, that a tax deed unsupported by an order of sale does not show valid title. Such a tax deed was

admissible only for the purpose of showing the nature of appellant's possession and as a basis for title under the five year statute of limitation, but, as indicated by the evidence and the findings of fact by the trial court, appellant's possession was for a period of less than five years after the two year right of redemption had expired and his plea of limitation had, therefore, not ripened. It is also true, as urged, that appellee did not introduce the tax deed in question as stated in our original opinion, although he did introduce the judgment upon which it was purported to be based. It may be noted that in order for appellee to have shown common source of title it would have been necessary for the tax deed to Lindley to have been in evidence to show appellant's connection with the common source. Hendricks v. Huffmeyer, 90 Tex. 577, 40 S.W. 1; Skov v. Coffin, Tex.Civ. App., 137 S.W. 450; 40 Tex.Jur. page 278. As indicated in our original opinion, however, common source was not shown by appellee even with such deed considered as a part of the record for that purpose. Our action is not based upon the strength of appellant's title under the tax deed but is based upon the holding that appellee had the burden of establishing a prima facie title in himself, which he failed to do.

Appellee urges that he has made prima facie proof of title, by showing prior possession. It was not our understanding from the record and argument presented in appellee's original brief that he was making this contention and the question was, therefore, not discussed at length in our opinion. For that reason, a more detailed statement of the facts relevant thereto will be given.

The evidence discloses that Mowell bought the land in 1915 from A. E. Hampton and wife and as a part of the consideration, executed vendor's lien notes in the total sum of $850.00 and assumed additional indebtedness in the sum of $1,000.00, which also constituted a lien on the land. He lived on the premises until 1923 when he went to Haskell County, Texas. Mowell testified that he never sold the place and at all times owned and claimed the land as his own and as a homestead; that when

he left Comanche County to go to Haskell County, he let a man by the name of Anson Hill have the place; that he did not think Hill stayed on the place over a year and that when he, Mowell, left he told Hill that when he, Hill, got ready to go, to put another good man on the place. He testified that he did not know whether Hill got another man for the place or not; that he thought a man by the name of Torrence lived on the place and also that Mrs. Lindley's son-in-law lived there but that he did not know when or how long; that he went back to the place in 1942 or 1943 "to see how the old place looked" and to make repairs if needed but that he did not make any repairs. There was no evidence that Mowell ever received any rent on the place at any time since 1923.

Anson Hill was placed on the witness stand by appellant and testified that he moved on the premises in question in 1923; that he bought Mr. Mowell's personal property and moved on the place; that Mowell said "they have took this place away from me and beat me out of it." Hill further testified that he stayed on the place for three years; that when he left in the fall of 1926, a man by the name of Russell wrote to Hughes & O'Rourke Construction Company and leased the place from them. Mowell testified that appellant Lindley came up to Haskell County in 1938 and "wanted me, in a way, to fix a road through there for them to where they could come onto that field there. And I told them I couldn't do it. I did not have no right to do it. * * * what I mean 'no right', I mean I just didn't feel like * * * I thought the road ought to go back east where it always was."

Appellee testified that no taxes were paid on the place during any of the years since 1923 so far as he knew. He introduced a tax judgment of the District Court of Comanche County, Texas, dated November 23, 1942, in favor of the State of Texas vs. Hughes & O'Rourke Construction Company, reciting that "the court having heard the evidence is of the opinion that said defendant is indebted to plaintiff and impleaded defendants for the taxes due them

for the years 1926, 1930, 1931, 1933, 1934, 1935, 1936, 1937, 1938, 1939, 1940 and 1941 in the total sum of $544.31."

The evidence is uncontradicted that Lindley's possession is based upon his purchase of the land under the tax sale; that he received the tax deed in question and paid a consideration of $925.00; that a man by the name of Witt Russell was working and occupying the property as a tenant of one Chessie R. Green when appellant so purchased the land; that appellant took possession under the tax deed dated January 7, 1943 which purported to convey the interest of Hughes & O'Rourke Construction Company therein; that Mowell is in no way shown to be connected with the title or claim, if any, that Hughes & O'Rourke Construction Company may have had in the land, and that appellant has been in continuous possession of the land at all times thereafter until the filing of this suit in 1949, having it under fence, working, using and cultivating it, either in person or by tenants, and that he has at all times since he purchased the land kept the taxes paid and that they are now fully paid.

▬▬▬ After a further examination of the record we remain of the opinion that the evidence, viewed in its most favorable light to appellee, fails to show such prior possession as is necessary to constitute prima facie proof of title. We will state our opinion of the basis of the rule as applied to the particular facts of this case without any attempt to discuss or distinguish the great number of cases bearing upon the question. The rule that prior possession is prima facie proof of title is not a rule of substantive law but one of evidence based upon a legal presumption indulged to avoid the inconvenience and difficulty of proving a chain of title back to the sovereignty of the soil. The presumption, to be valid, must be a reasonable one. Garrett v. Hunt, Tex.Com.App., 283 S.W. 489. As stated in 17 Tex.Jur. page 245: "Presumptions of law embrace those fixed legal rules deduced from general results which usually follow the connection between certain facts."

And as stated in 31 C.J.S. Evidence, § 117, p. 731: "A presumption of law is an assumption made by the law that a strong inference of fact is prima facie correct, and will therefore sustain the burden of evidence, until conflicting facts on the point are shown."

▬▬ ▬▬ The evidence concerning the possession, occupation and claims of ownership of the land in question since 1923 when appellee, Mowell, was last in actual personal occupation thereof, is not such as will justify a presumption that he is the present owner. Present ownership cannot reasonably be said to be a general result which usually follows the type of prior possession shown by appellee in this case, nor does such possession create a strong inference of ownership. Mowell has not been in actual occupation of the land for 26 years and has received no rent from the land during that time. He paid no taxes during that period. There was no evidence that he paid any of the $1,850.00 indebtedness secured by liens upon the land. To base a presumption of title upon a presumption that such indebtedness has been paid (and we seriously doubt if the latter presumption is tenable under the facts of this case) would be basing a presumption upon a presumption which is not permitted. Mowell merely claimed to own the land during that time and claimed to have rented it to one man, although he received no rental and the renting was denied by the claimed tenant. It is conclusively shown that appellee was not ousted by Lindley since Witt Russell was in possession of the premises when Lindley entered. The taxes during the entire period of 26 years were never shown to have been rendered or paid by Mowell, but on the contrary, were rendered in the names of others, and were paid by them or judgment entered against others foreclosing tax liens against the land therefor. Appellant Lindley has paid the entire amount of such tax judgment in addition to the taxes he has paid on the property since he entered possession. The question here is not whether this evidence, inconsistent with plaintiff's title is sufficient to rebut a prima facie case of title estab-

lished by him, but is whether plaintiff has met the burden of showing such prima facie case in the first instance and all of the evidence should be considered in determining the question. The evidence, considered in its most favorable light to appellee, raises, at most, an uncertainty as to who is the owner of the property, and does not permit that assurance of correctness that should be felt by courts when they presume title in the absence of actual proof thereof. If such presumptions are indulged to show prima facie proof of title, courts will be obliged to enter judgments upon uncertain facts presumed to be certain solely for convenience in the trial of cases. Convenience and ease in proving title to land are greatly to be desired but are not so dear that they should be secured at the cost of judgments based upon such uncertainty as is presented by the facts of this case.

As indicated in the original opinion, we feel that the case was not fully developed and that it should be remanded for another trial.

The motion for rehearing is overruled.