### J. P. WARD v. FAY NELSON ET AL.

#### Decided October 13, 1910.

**1.—Deed—Description—Limitation Title.**

The owner of a town lot acquired title by limitation under the ten years statute to a strip of land adjoining her lot; after the limitation period was complete, the owner conveyed the lot describing it by lot and block number only. Held, the deed conveyed the vendor's title only to the lot and not to the strip of land acquired by limitation.

**2.—Covenant of Warranty—Right of Actio_.**

In an action of trespass to try title, a defendant vendee vouched in his vendor and warrantor; the plaintiff recovered judgment for the land, and the defendant recovered judgment against his warrantor on the covenant of warranty; the warrantor alone appealed. Held, because the plaintiff in that suit failed to show title to the land in controversy superior to that conveyed by the warrantor to the defendant, the defendant was not entitled to recover over against his warrantor on the covenant of warranty; but the defendant not having appealed, the judgment against him for the land would not be disturbed; the judgment, however, in his favor against the warrantor would be reversed.

Appeal from the District Court of Tarrant County. Tried below before Hon. Jas. W. Swayne.

*Smith & Lattimore,* for appellant.

*C. K. Bell,* for appellee.

WILLSON, CHIEF JUSTICE.—The suit was by appellee Fay Nelson against appellees George W. Norton and his wife to try the title to 5½ feet by 100 feet described in the petition as a part of the south end of lot 5, block A, of a subdivision of an addition to Fort Worth. The land sued for was further described in the petition by metes and bounds, according to which, when applied to the ground, it appeared to be a part of the north end of lot 6, lying immediately south of and adjoining said lot 5. The Nortons having purchased said lot 6 from appellant Ward, who had conveyed same to them by a deed with convenants of general warranty, had Ward made a party defendant. A trial before the court without a jury resulted in a judgment in favor of appellee Fay Nelson against the Nortons for the 5½ feet in controversy, and in favor of the

Nortons against appellant for $50 as a part of the sum paid by them to him for the lot. From the judgment against them the Nortons did not appeal. The appeal is prosecuted by Ward alone.

From the evidence heard by the court it appeared that said lots 5 and 6 adjoined each other—the south boundary line of the former and the north boundary line of the latter being identical; that by a deed dated May 17, 1890, not otherwise describing it than as "Lot 5, in block A, in Fairlawn subdivision of block 19, in Field's Addition to the city of Fort Worth as shown by the recorded plat thereof on file in Tarrant County, Texas," said lot 5, with lot 4 adjoining it on the north, was conveyed to Mrs. Gertrude Nelson, mother of said Fay Nelson; that in 1893 Mrs. Nelson, claiming the land in dispute as a part of lot 5, inclosed same within the boundaries of a fence she then had constructed around said lots 4 and 5; and that by her deed dated August 10, 1903, she conveyed said lot 5, not otherwise describing same than as it had been described in the deed to her, to said Fay Nelson. The evidence was sufficient to support a finding that Mrs. Gertrude Nelson, before she conveyed said lot 5 to her daughter Fay, by operation of the ten years statute of limitations had acquired title to the 5¼ feet of lot 6 in dispute.

By his deed dated October 1, 1906, containing covenants of general warranty, appellant Ward, then the owner of said lot 6, conveyed same to appellee Frankie Norton, wife of appellee George W. Norton.

It is contended on behalf of appellant that, the evidence failing to show that Fay Nelson had acquired title to the land in dispute, the judgment in her favor against his vendee was unauthorized. We think the contention must be sustained. The conveyance from Mrs. Nelson to her daughter Fay of lot 5 did not pass to the latter the title the former, by operation of the statute of limitations, may have acquired to a part of lot 6. Fay Nelson was entitled to a recovery against the Nortons on the strength alone of her own title to the land in dispute. Parker v. Campbell, 65 S. W., 484. She showed that she had title to lot 5, but utterly failed to show that she had title to any part of lot 6. The judgment in so far as it was in her favor against the Nortons therefore was unauthorized by the evidence. If the Nortons were here complaining of it we would be bound to set it aside. As, however, they are not complaining of it, we can only affirm it in so far as it is in favor of Fay Nelson against them. But the Nortons were entitled to a recovery against appellant on his warranty of the title to lot 6, only in the event of a recovery against them by the owner of a title superior to that conveyed to them by appellant. As they had not suffered such a recovery, they were not entitled to a judgment against him. The judgment, therefore, in so far as it is in favor of the Nortons against appellant, will be reversed, and a judgment will be here rendered that they take nothing as against him. Sayles' Stat., art. 1027. In so far as the judgment is against the Nortons in favor of Fay Nelson it will be affirmed.

*Affirmed in part, reversed and rendered in part.*

Writ of error refused to Norton.