**SKEEN et al. v. WILSON REALTY CO.**

No. 9634.

Court of Civil Appeals of Texas. San Antonio.

June 26, 1935.

Rehearing Denied July 24, 1935.

H. S. Bonham and J. A. Wood, both of Corpus Christi, for appellants.

John C. North, of Corpus Christi, for appellee.

BICKETT, Chief Justice.

This is an appeal by Charlcie B. Skeen and husband, W. E. Skeen, defendants below, from a judgment in favor of Wilson Realty Company, a corporation, plaintiff below, decreeing title in Wilson Realty Company to lot No. 5 and a strip one foot wide off the entire east side of lot No. 6, in block No. 18, Del Mar addition to the city of Corpus Christi, Tex.

The controversy relates only to the strip off the east side of lot No. 6.

The state of the record title is as follows: E. B. Jackson and J. Roscoe owned both lots Nos. 5 and 6. They executed a deed of trust, dated July 14, 1926, covering lot No. 5, subrogating to an original builder's and mechanic's lien given upon the same lot to secure the debt for the construction of a house thereon. And, on July 17, 1926, they executed a deed to Addie K. Bewley, reciting the assumption of the payment of the lien debt, describing the property as lot No. 5, and containing the usual habendum clause. Addie K. Bewley executed a renewal deed of trust, dated July 31, 1931, conveying lot No. 5, containing full subrogation clauses, and also containing a covenant of general warranty. Addie K. Bewley executed a deed to Charlcie B. Simmang (then the wife of E. T. Simmang, Jr., and later the wife of W. B. Skeen), dated November 2, 1931, conveying lot No. 5 and the east one foot of lot No. 6. On June 16, 1932, Jackson and Roscoe executed a quitclaim deed to E. T. Simmang, Jr., covering the east one foot of lot No. 6. On October 4, 1932, a substitute trustee, under the power contained in the later deed of trust, sold the security property to satisfy the debt and executed a substitute trustee's deed to Wilson Realty Company, conveying lot No. 5. E. T. Simmang, Jr., executed a deed to Charlcie B. Simmang, dated May 22, 1933, reciting a consideration of $1, and conveying the east one foot of lot No. 6.

The present trouble had its origin in the fact that Jackson and Roscoe, through mistake, so built the house on lot No. 5 that a portion of it projected one foot over on lot No. 6. The builder's and mechanic's lien contract, the first deed of trust, the deed from Jackson and Roscoe to Addie K. Bewley, and the renewal deed of trust, were each executed with the intention of the respective parties to cover and include the land upon which the house stood. But each of those instruments, through the mutual mistake of the parties thereto, erroneously described only lot 5. When

Simmang discovered in 1928 the true facts as to the location of the house and called the matter to the attention of Jackson and Roscoe, they agreed to correct the mistake by conveying the additional strip to Mrs. Bewley, in whom the title to lot No. 5 still stood, as soon as they could free lot No. 6 from an incumbrance that had meanwhile been placed upon it. This they attempted to do by the quitclaim deed to Simmang. And he, claiming no title to the strip in his own right, effectuated the same purpose and intention by conveying the strip to Charlcie B. Simmang, who owned the property in her separate right by conveyance from her mother, Addie K. Bewley.

Under all the evidence, it is clear that there was a mutual mistake, in failing to draw the description so as to include all of the land on which the house stood, in each of the instruments that described only lot No. 5. Mrs. Bewley and, subsequently, Mrs. Simmang, could, by suit in equity, have reformed and corrected the deed of Jackson and Roscoe so as to make it include the additional strip. If the relief had been obtained in that manner, there can be no doubt that the quantity of land, that is the full width of land on which the house was built, which had always been in the mind of every one connected with it, would have been subject to the builder's and mechanic's lien and the deed of trust lien. The full intended quantity of the land is none the less subject to the liens because Jackson and Roscoe recognized their moral and legal obligations to correct the mutual mistake in the description by their voluntary conveyance of the additional strip. Addie K. Bewley, by her deed to Charlcie B. Simmang, not only displayed the intention that the additional strip should be subject to the liens, but she gave conclusive legal effect thereto, because she stipulated in that deed, "This conveyance, however, is made subject to the indebtedness of record now existing against said lot numbered Five (5), Block Eighteen (18) in said addition." That conveyance, it must be remembered, conveyed lot No. 5 and the extra strip. Thus, Charlcie B. Simmang took the title to the whole tract, including the one-foot strip, subject to the liens. And, when she acquired the record title to the strip by deed from Simmang, that title inured to the benefit of the lienholder. Therefore, the descriptions, not only in the deed of trust, but also in the trustee's deed, are deemed to be subject to correction so as to include the strip.

The case principally relied upon by appellants, Ward v. Nelson, 62 Tex. Civ. App. 281, 131 S. W. 310, is distinguishable because it was a straight suit in trespass to try title and did not involve any of the equitable principles here given controlling effect.

The judgment of the district court is affirmed.